329 So.2d 538

**Bob BRYANT et al.**

**v.**

**Polly A. MOSS, a person of unsound mind, suing by her guardian, Willie Dan Bryant.**

**SC 1356.**

Supreme Court of Alabama.

March 19, 1976.

340

Thomas F. Seale, Jr., Livingston, Lipscomb & Lipscomb, Bessemer, for appellee.

John H. England, Jr. and Booker T. Forte, Jr., Eutaw, for appellants.

JONES, Justice.

Polly A. Moss, an elderly and mentally incompetent woman, through her guardian, Willie Dan Bryant, sued her nephews, Bob Bryant, Robert Bryant, and Oscar Bryant, to void a deed she executed to them in 1968 on the grounds that she was of unsound mind and that Bob Bryant unduly influenced Mrs. Moss in his confidential relationship with her.[1] At the close of the evidence, the trial Court allowed the guardian's attorney to add a count to his complaint based upon the statutory right of a grantor to rescind a conveyance which was given in exchange for the grantee's promise to support the grantor. Tit. 20, § 15, Code. The trial Court, without a jury, then entered an order cancelling the deed. We affirm.

The deed sought to be cancelled conveyed approximately 180 acres of land in Sumter County with an appraised value of $30,000. The consideration recited in the deed was $100. At the time of the conveyance, Mrs. Moss was 72 years old and was living with Bob Bryant.

■ The nephews present four issues for review. First, the trial Judge should not have allowed the appellee to amend her complaint at the close of the evidence to include Tit. 20, § 15, as a ground for relief. Second, Tit. 20, § 15, cannot be exercised by a guardian. Third, a letter which was admitted into evidence should not have been read by the trial Judge because it was hearsay. Fourth, the judgment was not supported by the weight of the evidence.

The first and second issues presented by the nephews deal with the propriety of the trial Judge's allowing Mrs. Moss to amend her complaint to add a count for rescission under Tit. 20, § 15. The nephews claim that they were prejudiced by the amendment and they also assert that an action for rescission under Tit. 20, § 15, cannot be brought by a guardian.

We do not find that the nephews have been prejudiced by the amendment. The issue of whether Mrs. Moss granted the deed to her nephews in exchange for their promise to support her was first introduced into the case by the nephews in their answer. In his direct examination of Bob Bryant, the nephews' attorney elicited testimony that Bob Bryant had agreed to take care of Mrs. Moss in exchange for the conveyance. In essence, therefore, the promise of support was the nephews' issue and the trial Court cannot assume that they were suprised by statutory rights linked to their own issues.

■ The second issue is whether a guardian has the power to initiate a rescission proceeding under Tit. 20, § 15, on be-

---

1. Polly A. Moss was adjudicated a non compos mentis and letters of guardianship were issued to Willie Dan Bryant in 1969.

half of his ward. The nephews' argument of this issue presupposes that the trial Judge based his order cancelling the deed upon Tit. 20, § 15. Whether the trial Judge based his ruling on this statutory ground is not here material. If the judgment or decree correctly determines the equity of the case, the reasons upon which the trial Court proceeded are unimportant and the judgment will be affirmed. Statements by the trial Judge showing the basis on which his conclusion of fact is founded are not part of the judgment. A correct decision will not be disturbed because the Court gave a wrong or insufficient reason therefor. *Cherokee County v. Cunningham,* 260 Ala. 1, 68 So.2d 507 (1953) ; *Georgia, Florida, Alabama Transportation Company, Inc. v. Deaton, Inc.,* 293 Ala. 371, 304 So.2d 168 (1974).

Where, as here, the testimony is taken ore tenus, the findings of fact made and entered by the trial Court will be sustained unless they are clearly and palpably wrong or without supporting evidence, or manifestly unjust. *Sterling Oil of Oklahoma v. Pack,* 291 Ala. 727, 287 So.2d 847 (1973).

Besides the relief sought under Tit. 20, § 15, Mrs. Moss's guardian also alleged that she was mentally incompetent at the time she executed the deed and that Bob Bryant unduly influenced Mrs. Moss. The record discloses sufficient competent evidence to support the trial Court's order that Bob Bryant exerted undue influence in his confidential relationship with Mrs. Moss in the procurement of the deed.

In transactions inter vivos, where the parties stand in confidential relationship and evidence tends to show that the beneficiary is the dominant party, the law raises a presumption of undue influence and casts upon the beneficiary the burden of repelling such presumption when the transaction is assailed. *Wolfe v. Thompson,* 285 Ala. 745, 235 So.2d 878 (1970). The evidence is clear that at the time of the execution of the deed, Bob Bryant held a power of attorney for Mrs. Moss, and Mrs. Moss, although she may or may not have been mentally competent, was living with Bob Bryant and was not capable of caring for herself alone.

The nephews presented extensive evidence to establish Willie Dan Bryant's relationship with Mrs. Moss and to establish her mental capacity at the time of the execution of the deed; nevertheless, the trial Court was justified, under the evidence, in finding they did not meet their burden of showing that the deed was the voluntary and well understood act of Mrs. Moss's mind and that it was fair and just. *Webb v. Webb,* 250 Ala. 194, 33 So.2d 909 (1948). Therefore, we need not reach the issue whether a guardian may initiate a rescission proceeding under Tit. 20, § 15.

■ The third issue involves the admissibility of a letter dated April 11, 1967, sent by Bob Bryant's attorney to Willie Dan Bryant, advising Willie Dan to stay away from Polly Moss. The letter contains the following pertinent statement :

"This is to advise you to stay away from Polly and under no circumstances to take her from Bob's house to her house as you have done recently."

The nephews contend that the letter is hearsay and was only admitted to prove that it was received. Therefore, they contend, it was reversible error for the trial Judge to read the letter. If the letter was admitted to prove the truth of any assertions it contained, the nephews' hearsay argument would be valid. However, the significance of the statement in the letter is not the truth of any factual matter asserted but simply the fact that the statement was made. A statement made out of court is not hearsay if it is given in evidence for the purpose merely of proving that the statement was made, provided that purpose be otherwise relevant in the case at trial. 5 Wigmore, *Evidence,* § 1361; 6, Ibid., § 1770; *Motors Ins. Corp. v. Lopez,* 217 Ark. 203, 229 S.W.2d 228 (1950). We find that the letter is relevant to this case be-

cause Mrs. Moss's guardian is seeking cancellation of a deed to her nephews on the basis of inadequate consideration and undue influence.

In order to establish a presumption of undue influence in a confidential relationship, Alabama law requires the grantor to present evidence which clearly and satisfactorily shows that the grantee was the dominant spirit. *Webb v. Webb,* supra. The letter is relevant to this element because it tends to show that Bob Bryant was attempting to isolate Mrs. Moss from her other relations; therefore, it was not error for the trial Judge to read it.

The final issue presented by the nephews is that the judgment was against the weight of the evidence. Since the trial Judge heard the evidence of this case ore tenus, his findings of fact will be sustained unless they are clearly and palpably wrong or without supporting evidence, or are manifestly unjust. *Sterling Oil of Oklahoma v. Pack,* supra. Upon review of the record, we are of the opinion that there was ample evidence to support a conclusion by the trial Court that Bob Bryant unduly influenced Mrs. Moss in the procurement of the conveyance. We therefore affirm.

AFFIRMED.

HEFLIN, C. J., and MERRILL, MADDOX and SHORES, JJ., concur.