Defendant, Lester Gosa, appeals from a judgment setting aside a deed by which plaintiffs, Vacy and Mary Willis, conveyed certain real property to Gosa and ordering him to vacate the premises. We affirm.
The property in question is a house and two small lots located next door to the Willises' residence. Title to the property was once in the names of Lester Gosa and Daisey Willis Gosa, Vacy Willis' daughter. The property was awarded to Daisey in a divorce proceeding, and she then conveyed it to Vacy and Mary. Gosa continued to live on the property up to the time that this action was filed.
On December 18, 1974, Gosa took the Willises to the office of Joe B. Thompson, Jr., an attorney, where they executed a warranty deed conveying the property to Gosa. The deed recites a consideration of one dollar and other valuable consideration.
At the time, Vacy Willis was about 78 years of age, and Mary was about 67. The evidence indicated that Vacy had only a first-grade education and that Mary had, at most, an eleventh-grade education, although there is testimony that "she made it to the third or fourth grade" only.
In February 1975, the Willises filed suit in the Circuit Court of Escambia County seeking to have the deed set aside and to have Gosa vacate the premises. The complaint alleged, inter alia, that there was no real consideration for the conveyance, that Vacy Willis was "very weak mentally" and unable to read or write, and that Mary Willis was "ignorant and uneducated." The Willises, in one rather long paragraph in their complaint, advanced four grounds for setting aside the deed — fraud, duress, undue influence, and mistake.
Fraud. The complaint alleged that on the day on which the deed was executed Gosa represented to the Willises that he was taking them to a lawyer's office to sign papers that would enable Gosa to pay the property taxes on the subject property.
Duress. The complaint alleged that Gosa through threats induced and coerced the Willises to sign the deed and that, because of prior threats, intimidation, harassment, and coercion applied against them by Gosa, they were afraid to refuse to comply with his demands.
Undue influence. The complaint alleged that the Willises were under the influence and dominion of Gosa when they executed the deed and that they executed the deed as a result of undue influence exerted upon them by Gosa.
Mistake. The complaint alleges that the Willises did not understand that they were executing a deed, that they did not read the instrument, and that they did not recall the instrument's being read or explained to them, but that, because of Gosa's representations, they believed they were executing "some sort of tax papers."
Gosa filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. The trial court denied the motion.
The trial judge, sitting without a jury, gave the following reasons for granting the relief requested:
 ". . . The Court concludes that the consideration for the subject deed was so inadequate, if not completely lacking, as to convince the Court that the subject transaction was not bona fide. The Court further concludes that at the time Plaintiffs executed said deed, they were of such advanced age, senility and mental enfeeblement, that they did not fully understand the nature or import of the transaction. The Court is of the opinion *Page 701 
that the Defendant, through perhaps an abuse of confidence, took an unjust and inequitable advantage of the Plaintiffs whose mental situation at the time would be calculated to render them easy victims to the unconscientious. The Court is of the further opinion that equitable terms dictate that this deed be set aside because the Court is of the opinion that the Defendant took unfair advantage of the great mental weakness of the Plaintiffs. . . ."
On appeal, Gosa contends that the trial court erred in denying his motion to dismiss because the Willises' complaint did not satisfy Rule 9 (b), ARCP, and that the trial court's judgment was plainly erroneous and not supported by the evidence.
Rule 9 (b) provides,
 "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
We pretermit the question as to whether the complaint satisfied Rule 9 (b) as to the allegations of fraud, because the complaint did sufficiently allege undue influence. This is one of the grounds upon which the trial court appears to have based its relief. There was sufficient evidence to support a finding of undue influence.
Although we have stated that undue influence is a species of constructive fraud, we have held that a bill alleging undue influence is not subject to demurrer for failure to allege acts of undue influence in detail. Orton v. Gay, 285 Ala. 270, 275,231 So.2d 305 (1970).
The principles of law applicable to this case were set forth in Webb v. Webb, 250 Ala. 194, 203-204, 33 So.2d 909, 914-915
(1948):
 "The law presumes the exercise of undue influence in transactions inter vivos where confidential relations exist between the parties, and puts upon the donee or grantee, when shown to be the dominant party in the relation, the burden of repelling the presumption by competent and satisfactory evidence . . ."
* * * * * *
 "But for such a presumption to be raised the evidence must show clearly and satisfactorily: (1) That a confidential relation existed between the
 grantor and grantee; (2) that the grantee was the dominant spirit. . . ."
In view of these principles, the issues are whether the evidence supports a finding that a confidential relationship existed between Gosa and the Willises and that Gosa was the dominant spirit and, if so, whether the trial court could have concluded from the evidence that Gosa had not rebutted the presumption thus raised. We hold that there was evidence from which the trial court could have found that the presumption was raised and that the trial court could have concluded from the evidence that Gosa had not rebutted the presumption.
For the presumption to be raised, it is not necessary that the confidential relation be a fiduciary relation; it is sufficient that confidence is reposed and accepted in any of the relations in which dominion may be exercised by one person over another. Milliner v. Grant, 253 Ala. 475, 479,45 So.2d 314 (1950).
Before considering the evidence in detail, we restate the principle which guides us in reviewing the sufficiency of evidence:
 ". . . [I]f the trial court's decree is fairly supported by credible evidence under any reasonable aspect, we must affirm the decree, irrespective of what view we may take as to the evidence . . ."
Orton v. Gay, supra, 285 Ala. at 275, 231 So.2d at 310.
Gosa was the Willises' former son-in-law, their next-door neighbor, and their tenant. The evidence indicates that Vacy Willis was upset because he had paid the property taxes on the house in which Gosa was living, believing that he was paying the taxes *Page 702 
on the house in which he lived. Vacy apparently considered that Gosa should pay the taxes on the property even though the Willises held title to it.
Gosa testified that Vacy had told him that he wished to get the problem straightened out and that he had told Vacy that the only way to do so was to deed the property to someone. Thereafter, Gosa retained Mr. Thompson to prepare a deed conveying the property from the Willises to Gosa. A couple of weeks later, Gosa transported the Willises to Mr. Thompson's office, where they signed the deed.
The trial court could have concluded from this evidence that the Willises relied on Gosa to help them get their tax problem straightened out and that Gosa accepted the confidence thus reposed in him.
There was no direct testimony to the effect that the Willises were easily swayed or dominated, but there is testimony that they relied on others to help them with their business and the trial court could have concluded from the oral testimony and his own observation that they were easily swayed or dominated or that they were mentally feeble and dependent on others. A mere reading of the record indicates a certain docility and feebleness in the Willises. Furthermore, even Gosa tried to show that the Willises had changed their minds about conveying the property because they were swayed or dominated by Daisey. Vacy Willis testified that Gosa told them to get into the car and go up to the lawyer's office and they went. He testified that he did not intend to give the property to Gosa. In view of this evidence, we cannot say that there was no credible evidence to support a finding that the Willises were dominated by Gosa in the transaction in question.
Gosa presented evidence which, though tending to rebut the presumption of undue influence, was not so overwhelming that the trial court could not have found otherwise. By his own testimony, Gosa attempted to show that the Willises wanted him to have the property, but their testimony was to the contrary.
Gosa also presented evidence that Mr. Thompson carefully explained to the Willises that they were deeding the property to Gosa. But the issue here is not whether they understood what they were doing, but whether their wills were subject to Gosa's dominance. Cf. Wyatt v. Riley, 292 Ala. 277, 282, 293 So.2d 288
(1974). Furthermore, Mr. Thompson was retained by Gosa and could not be regarded as an independent advisor. See Manfredov. Manfredo, 191 Ala. 322, 68 So. 157 (1915).
AFFIRMED.
HEFLIN, C.J., and JONES, ALMON and EMBRY, JJ., concur.