The father appeals from a judgment increasing support of a minor child after oral hearing. We affirm.
The parties were divorced in 1974. The father was required, among other things, to pay $50 per week as support for two minor children. The record indicates that court and counsel have been often involved in disputes between the parties since the divorce. There have been petitions for rule nisi and findings of contempt for the failure of the father to regularly pay the support. He has paid the arrearages upon threat of jail. In the interim between the divorce in 1974 and November 1977, the oldest child became self supporting.
In response to a petition by the mother for a rule nisi against the father for failure *Page 791 
to pay support, the court entered a judgment on November 16, 1977. In the judgment, the court found the father in contempt and sentenced him to 60 days in jail. The sentence was suspended so long as he abided by the "previous order requiring him to pay $25 per week child support." The quoted statement in the judgment was the first time there had been a statement in any order that weekly child support was in the amount of $25 instead of $50. However, other provisions of the November 16 judgment indicated the court was aware that there was then only one child to be supported. There was no objection by the mother to the judgment and there was apparent recognition by her thereafter that the support due was $25 per week. The petition for rule nisi and modification filed by the mother on February 10, 1978, recognized that support was $25 per week.
During the hearing of the mother's petition, the court noted that there had been no specific modification of the original judgment decreasing the support from $50 to $25 per week. The court was correct in its observation.
By judgment entered May 31, 1978, the court ordered the father to pay $50 per week as support for the minor son.
The father charges on appeal that the court by its order did not modify a prior judgment but attempted to reinstate the original judgment because it found that it was never modified. The father further charges that the court could not enter a modification raising support from $25 to $50 because it did not find in its judgment there had been a change in circumstances.
We find no reasonable cause to believe that the court entered its judgment because it determined that there had never been a modification of the original judgment of support. Its judgment clearly states that it directed the payment of $50 per week for support as a modification of the original judgment "and all subsequent modifications thereto."
In any event, we find the judgment not to be erroneous because it is supported by the evidence. There was testimony as to increased need for the child and the court was at liberty to judicially notice the inflated cost of living since 1974. So long as the judgment is correct under the evidence, a wrong reason for its entry in the mind of the judge is immaterial.Bryant v. Moss, 295 Ala. 339, 329 So.2d 538 (1976). We are not aware of any requirement that the trial court find in its judgment that there had been a change in circumstances. Rules 15 (b), 54 (c), ARCP.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 984