MADDOX, Justice.
The issue presented is whether the trial judge erred in finding that a deed of property was not executed as a result of undue influence exercised by the grantee over the grantor. Finding that the trial judge’s decision is amply supported by the evidence and not palpably wrong or manifestly unjust, we affirm.
The grantor, Joseph A. Justice, Sr., was married to Bobbie Lois Welch in 1950. Two children were born of the marriage, Joseph A. Justice, Jr. and Twila Dawn Justice, the appellants in this case. Joseph Justice, Sr. and Bobbie Lois were divorced in 1969. Bobbie Lois obtained custody of the children.
The grantee, Hubert Justice, was the nephew of Joseph Justice, Sr. After Joseph Justice’s marriage to Bobbie Lois Welch, Hubert Justice lived in the home with Joseph, Sr. and Bobbie Lois, for approximately three years, before his own marriage at the age of 18.
Hubert Justice lived directly across the road from his uncle’s farm. They jointly farmed their properties and split the profits. The evidence indicates they were very close personally for many years.
Joseph A. Justice, Sr., became quite ill during 1975, and spent a great deal of time in the hospital. There was testimony that Hubert and his wife helped in getting him to and from the hospital, and with many of his other needs. There was also testimony that Justice was able to transact business for himself and, in fact, had done so on numerous occasions, both before and after his hospitalization.
When he was finally, diagnosed as suffering from a brain tumor, Justice underwent surgery in Birmingham and then spent several weeks of convalescence in Southeast General Hospital in Dothan.
On December 31,1975, while at Southeast General Hospital, Justice executed a deed *715 of all his property to his nephew Hubert. The deed was witnessed and notarized by Rosa Cook of the hospital’s Department of Social Services.
Mrs. Cook testified that she met with Justice for about five minutes prior to the execution of the instrument. She ascertained that he was of sound mind, was performing the act wilfully, and knew that he was executing a deed of his property.
Attorney James Kelly testified that he drew the contested deed at the request of Hubert Justice who stated he was acting at the request of the grantor, J. A. Justice, Sr. Kelly testified that he had previously represented Justice in his divorce proceedings and drawn the 1972 will.
Justice and his nephew Hubert visited Kelly sometime after Justice’s execution of the deed and his release from the hospital. Justice confirmed to Kelly that the transfer of the property in fee to Hubert was according to his wishes. He then outlined how he wanted Hubert to hold the property during his life and then pass the property to the appellants, Joe, Jr. and Twila. Kelly drew the appropriate deeds and Hubert executed them in accordance with Justice’s wishes.
Justice died on November 7, 1976. His children filed suit against Hubert claiming that at the time the deed was executed, Justice was without sufficient mental capacity to make a deed; the deed was obtained through fraud and misrepresentation; there was no consideration paid for the property; and Justice, as grantor, was in a confidential relationship with Hubert, the grantee, and Hubert exercised undue influence over Justice in the execution of the subject deed.
The court was asked to find the deed null and void and allow the property to pass to the children under the provisions of Justice’s will, executed in 1972, wherein Justice left all his property to his two children. The will provided that in the event the children were minors at the time of his death, his nephew, Hubert Justice, was to serve as their guardian. The evidence indicates Justice wanted this arrangement to assure that his former wife would never have control of his property.
After hearing the testimony ore ten us, the trial judge rendered judgment for the defendant, Hubert Justice. He found Joseph A. Justice, Sr., was mentally competent to execute the subject deed; the deed was not procured through “farce” [sic] or misrepresentation; the deed was not executed as a result of undue influence; and sufficient consideration supported the transfer.
Appellants concede that the trial court was correct in finding Joseph A. Justice, Sr. was mentally competent to execute the deed. They allege error in the court’s failure to find that the grantor and grantee had a confidential relationship in which the grantee was the dominant party, thereby raising a presumption of undue influence. When such a presumption arises, the burden then shifts to the grantee to show no undue influence in the questioned transfer. See, Gosa v. Willis, 341 So.2d 699, 701 (Ala.1977); and Webb v. Webb, 250 Ala. 194, 203, 204, 33 So.2d 909, 914, 915 (1948).
A reading of the trial court’s decree indicates that the court simply found “that the deed was not executed as a result of undue influence exercised by the grantee on the grantor. . . . ” We presume this to mean that the trial court did not find a confidential relationship in existence between grantor and grantee which would raise a rebuttable presumption of undue influence. A close examination of the trial transcript indicates sufficient evidence to support such a finding.
This Court, in Webb v. Webb, supra, reiterated the fact that the relation of uncle and nephew is not per se, confidential.
There is ample evidence to support a finding that Justice and his nephew, although very close personally for many years, were not in a relationship of principal and agent whereby Hubert was the domi *716 nant spirit.[1] The evidence is clear that although Hubert and his wife helped Justice often in his day to day activities, Justice was fully able, and often did, transact business for himself. Justice himself arranged for Rosa Cook to notarize the deed. He visited attorney Kelly after his release from the hospital in order to arrange for a transfer of a future interest in the property from Hubert to the appellants.
In reviewing cases such as this, it is not the duty of this Court to review the matter on its merits and substitute its decision for that of the trial court. Rather, “if the trial court’s decree is fairly supported by credible evidence under any reasonable aspect, we must affirm the decree, irrespective of what view we may take as to the evidence.” Orton v. Gay, 285 Ala. 270, 275, 231 So.2d 305, 310 (1970).
The decision is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.

. Contra, see Bryant v. Moss, 295 Ala. 339, 329 So.2d 538 (1976), wherein the nephew who held the power of attorney of his incompetent aunt was held to be in a confidential relationship.