MADDOX, Justice.
The trial court granted summary judgment. The sole question, therefore, is whether there was a genuine issue of a material fact in controversy. Applying the rule to this case: Was there a genuine issue of fact presented that appellee Raymond Vernon exercised undue influence over his grandfather in the transfer of a certificate of deposit. We find that a genuine issue of fact was presented, and reverse and remand for a full hearing on the merits.
O. 0. Poss owned a certificate of deposit issued by the Franklin Federal Savings and Loan Association. Several weeks before Poss died, his grandson, Raymond Vernon, notified John V. Turbyfill, an officer of Franklin, that Poss wished to transfer the certificate to Vernon. Turbyfill went to see Poss at his nursing home and had him execute a separate instrument that transferred ownership.
After Poss died, the appellants, legatees under Poss’ will, claimed ownership of the funds represented by the certificate of deposit; Vernon also claimed ownership. Franklin filed an interpleader to determine the true owner.
Appellants answered and filed a cross-bill of complaint against Vernon, alleging that the transfer was null and void because it was the result of undue influence exercised by Vernon over his grandfather.
Vernon filed a motion for summary judgment. Vernon appended to the motion his affidavit which stated, inter alia, that he exercised no undue influence over his grandfather. In response thereto, appellants properly offered the deposition of Turbyfill to show that the question of whether Vernon exercised undue influence over his grandfather was a disputed issue in the case.
It is axiomatic that in order to prove undue influence one must show some act of dominance or coercion over the will of the grantor which renders the grantor’s will subservient to another’s in the act of conveying. Orton v. Gay, 285 Ala. 270, 275, 231 *737 So.2d 305 (1970). The facts and circumstances of each case govern whether undue influence is exercised over the grantor. Jones v. Boothe, 270 Ala. 420, 119 So.2d 203 (1960).
If the party alleging undue influence shows that the grantor and grantee are in a confidential relationship at the time of the transfer and the grantee is the dominant party, a presumption of undue influence arises and the burden shifts to the grantee to rebut the presumption. Gosa v. Willis, 341 So.2d 699 (Ala.1977).
The relationship of grandfather and grandson is not, per se, confidential. Terry v. Terry, 336 So.2d 159, 162 (Ala.1976). Therefore, whether a confidential relationship existed is a question for the trier of fact.
In the case at bar, the trial judge had before him at least a scintilla of evidence that the grantor and grantee were in a confidential relationship and the grantee was the dominant spirit in that relationship. Vernon’s own affidavit indicates that he was his grandfather’s favorite grandson and they spent a great deal of time together. Turbyfill’s deposition shows that at the time of the transfer the grantor was in an upset state of mind because of the high cost of his nursing home expenses.
In addition, the affidavit of Vernon, while alleging there was no undue influence exercised, sets forth facts that show that he was the party that arranged the entire transaction. Turbyfill’s deposition also indicates that Vernon arranged the transaction. Here, enough evidence was presented to prevent the grant of summary judgment.
The movants’ burden in a motion for summary judgment is fully discussed in Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975). We hold that the movant failed to meet his burden, because sufficient evidence was presented to make a genuine issue of fact on the issue of undue influence. Summary judgment was not proper. The cause is due to be reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.