WRIGHT, Presiding Judge.
This is a divorce case.
The husband filed a complaint for divorce on the grounds of incompatibility on March 3,1979. A decree was entered on March 14, 1979, granting the divorce and incorporating an agreement of the parties as to child custody and support, alimony, and a property settlement.
On April 12, 1979, the wife filed a motion to alter or amend judgment and for new trial. The trial court set the decree aside and granted a new trial.
After trial the trial court entered a decree granting the divorce. The decree awarded custody of the parties’ minor child to the wife and ordered the husband to pay $60 each two weeks as child support, to maintain medical insurance on the child and to maintain the child as beneficiary of his life insurance. The wife was awarded title to the parties’ house subject to a mortgage which she was to assume, the furnishings in the house and an automobile subject to a lien which she was to pay. The husband was to pay $150 per month alimony for thirty months.
The decree further provided that 3.3 acres held jointly by the parties was to be sold and the proceeds divided between them.
The husband appeals contending that the trial court abused its discretion in its division of property and awards of alimony and child support.
Though the award to the wife is liberal considering the assets of the parties, the trial court is afforded wide discretion in its judgment in divorce cases. That discretion is assumed to be correctly applied upon appeal and the judgment will be reversed only where clearly wrong and unjust. Thompson v. Thompson, 377 So.2d 141 (Ala.Civ.App.1979).
In exercising its discretion, the trial court may consider many factors. On appeal this court looks only to see if the resulting decree is supported by the evidence. Gamble v. Gamble, 363 So.2d 790 (Ala.Civ.App.1978).
We have carefully considered the record in this case and we cannot say that the judgment of the trial court is so unsupported by the evidence as to be clearly wrong and unjust. We find our statements in Thompson and Gamble to be dispositive of this case. The trial court’s judgment is affirmed.
The wife’s request for attorney’s fees on appeal is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.