SHORES, Justice.
Mattie Belcher Carter owned almost an entire city block of property in downtown Birmingham. On June 30, 1972, she conveyed the property to her two sons, George Gordon Carter and Joe Ware Carter. In consideration, the two sons executed a mortgage to their mother in the amount of $69,000.00.
George and Joe Carter, as partners, operated a wooden pallet manufacturing business, known as Dobbs Manufacturing Company, on part of the property. At the time the property was conveyed by the mother to her sons, a part of it was under lease to Commercial Fabricators, Inc. The initial lease between Mattie Belcher Carter and Commercial Fabricators was for a term of five years, beginning February 1, 1971, and ending February 28, 1976, at a rental rate of $500.00 per month.
Following the execution of the original lease between Mrs. Carter and Commercial Fabricators and before she conveyed the property to her two sons, a twenty by twenty foot office building was erected by Dobbs Construction Company on the leased premises. This building was used by the lessee and was not treated as an asset by Dobbs Construction Company. It, of course, was included in the conveyance of the property to the sons of Mrs. Carter.
The original lease included a renewal option for an additional five-year term, which was exercised by Commercial Fabricators by an agreement dated July 8, 1977. This renewal agreement included three options:
“Commercial Fabricators, Inc. shall have the options of taking leases of the aforesaid premises at the expiration of the present lease [expiring February 28, 1981], as follows:

“Option No. 1

“From March 1, 1981 through February 28, 1986 for $688.00 per month.

“Option No. 2

“From March 1, 1986 through February 28, 1991 for $860.00 per month.

“Option No. 8

“From March 1, 1991 through February 28, 1996 for $1,075.00 per month.”
Prior to February 28, 1981, Commercial Fabricators exercised the first option, extending the lease period for an additional term of five years, ending February 28, 1986.
Joe Carter died intestate on August 21, 1974, leaving surviving his wife Mary and five children: Tom Henry Carter, Joyce Kay Carter, Bobby Lee Carter, Gary Mac Carter, and Brent Wade Carter. Following Joe Carter’s death, George and Joe’s heirs entered into an agreement under which George purchased the heirs’ interest in the partnership known as Dobbs Manufacturing Company. The agreement provided that Joe’s heirs would retain their respective in *1084 terests in the real property which had been jointly owned by Joe and George Carter, with the understanding that George would continue to operate Dobbs Manufacturing Company on the property rent free and that Joe’s heirs would be paid their share of any rents collected through leasing any portion or all of the property. As consideration for this agreement, George Carter paid the heirs $44,998.20.
On May 18, 1979, Joe Carter’s heirs filed this action against George Carter, seeking a partition in kind or, in the alternative, sale for division of the property and jointly-held improvements. Following a trial on the merits, the trial court entered a decree partitioning the property into two parcels of substantially equal size. By this decree, Parcel A, upon which Dobbs Manufacturing Company was located and operated by George Carter, was vested in George Carter. Parcel B, which includes the parcel leased to Commercial Fabricators and the twenty by twenty foot building, was vested in Joe Carter’s heirs. The parties were ordered to each pay one-half of the monthly payment due on the mortgage due Mattie Carter. The court found that the twenty by twenty foot building had a value of $10,000 and ordered the heirs to pay $5,000 to George Carter for his interest in the building. Finally, the heirs were ordered to pay George Carter “6. . . . an amount equal to 50 percent of the net rent collected pursuant to an existing lease on a portion of Parcel ‘B’.” No appeal was taken from this decree, which was entered on December 3, 1979.
Pursuant to the terms of the final decree, the heirs of Joe Carter paid George Carter monthly an amount equal to fifty percent of the net monthly rent collected pursuant to the lease with Commercial Fabricators, Inc., from the date of the decree through the month of February, 1981. Beginning in March, 1981, the heirs refused to make further payments on the ground that the provision “an existing lease,” set forth in paragraph six of the final decree, only applied to the lease and lease period ending February 28, 1981, and had no applicability to any additional lease period beyond February 28, 1981, acquired by Commercial Fabricators, Inc., through exercise of any one of the three options set out above, which were contained in the agreement dated July 7, 1977.
As a result of the heirs’ interpretation of the phrase “an existing lease,” and their refusal to make further payments of fifty percent of the net monthly rent collected pursuant to the Commercial Fabricators, Inc., lease, George Carter filed in June, 1981, a “Petition for Clarification and Allied Relief,” requesting that the trial court resolve the dispute which had arisen between the parties with respect to the meaning of paragraph six of the final decree, and determine that the provisions of paragraph six are applicable to the present lease, as well as any future lease on that portion of Parcel “B” in question. In addition, George Carter sought payment of any past due payments.
The trial court conducted a hearing concerning the petition on July 7, 1981. Following the hearing, the trial court, on July 13, 1981, entered an order in which the court found that George Carter was entitled under paragraph six of the final decree to an amount equal to fifty percent of the net rent collected by the heirs pursuant to the existing lease with Commercial Fabricators, Inc., or any other lease (if renewed to that time by the lessee) from the date of the order through February 28, 1996. Further, the court ordered that the heirs pay to George Carter fifty percent of the net rent collected by them pursuant to the existing Commercial Fabricators, Inc., lease for the months of March, April, May, June, and July, 1981. Two of the five heirs, Tom Henry Carter and Gary Mac Carter, timely appealed the July 13, 1981, order to this Court.
We affirm.
At the time of the original trial, the evidence showed that George Carter and the heirs of Joe Carter jointly owned the real estate conveyed to them by their mother, the twenty by twenty foot building located on the property, and the rents re *1085 ceived from the Commercial Fabricators lease of part of the property. George Carter, prior to the suit, had bought the interest of Joe’s heirs in Dobbs Manufacturing Company.
The fact that the lessee had three options to renew the lease was also before the court at the initial trial. Thus, there was abundant evidence to support the trial court’s decree ordering an equal partition of the real estate and its holding that George Carter and the heirs of Joe Carter were each entitled to one-half of the rents derived from the Commercial Fabricators lease. We are in complete accord with this holding and’ the trial court’s conclusion that this division of rents was applicable to the lease as extended by the exercise of the options contained in the agreement before it. Because the evidence and the law support the trial court’s decree of July 13, 1981, it is affirmed. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Cain, 387 So.2d 195 (Ala.1980); Bryant v. Moss, 295 Ala. 339, 329 So.2d 538 (1976).
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.