This is an appeal from an order denying appellant's petition for sale and division of jointly held property and ordering him to convey his property interest to appellee.
Appellant, Larry Kite, and appellee, Patti M. Kite, were married March 29, 1963. They were divorced in April 1981. At the time of the divorce they had two minor sons.
In August 1965 Rosa P. Metcalfe, appellee's mother, deeded a piece of property (marital property) adjoining her house and lot in Pittsview, Alabama, to her daughter Patti and son-in-law Larry. Larry and Patti then obtained a loan from the Farmers Home Administration (FHA) which they used to build a residence on the lot Rosa had conveyed to them.
In 1976 Larry and Patti sought a second mortgage on their marital residence in order to enlarge their home. At that time First Federal Savings and Loan Association of Russell County (First Federal), a lending institution, did not accept second mortgages. First Federal would not accept the marital residence as collateral without refinancing the FHA loan so that it could take a first mortgage.
Rosa agreed to put up her house and property as collateral for the loan. Since First Federal required that Rosa's property be mortgaged in all three names, she deeded the property to herself, Larry and Patti, jointly, with the right of survivorship. The property was then used as a security on the mortgage.
During the divorce proceedings between Larry and Patti, Rosa who was a party thereto, obtained a lien on the marital residence to secure payment of the mortgage indebtedness incurred on her home in 1976.
Approximately one year after the divorce Rosa died. Subsequent thereto, Larry filed a petition against Patti for sale and division of her mother's home. Patti counterclaimed asking that the deed executed by Rosa be declared null and void. In July 1983 the trial court ruled in favor of Patti, denying Larry's claim and ordering him to convey his property interest to Patti. Larry appeals.
The basic issue on appeal is whether the trial court erred in failing to order a division and sale of the property, but ordering Larry to convey title to Patti. We affirm.
This case was heard ore tenus; therefore, the trial court's findings will not be disturbed on appeal if supported by the evidence or any reasonable inference therefrom unless plainly and palpably wrong and unjust. Mac Pon Co. v. Vinsant Painting Decorating Co., 423 So.2d 216 (Ala. 1982).
Larry argues that the trial court erred in the findings upon which the final order was based: (1) that a fiduciary relationship existed between himself and Rosa, (2) that *Page 865 
Rosa was easily influenced, and (3) that there was a total lack of consideration.
Larry states that he is unable to locate any Alabama case law holding that absent any other evidence a confidential relationship exists between a mother-in-law and a son-in-law. Such a technical or formal relationship is not required for equity courts to find a fiduciary relationship; instead,
 "[T]hey apply the principles to all cases in which confidence is reposed by one party in another, and the trust or confidence is accepted under circumstances which show that it was founded on intimate personal and business relations existing between the parties which gave the one superiority over the other, and . . . the burden of proving that the transaction was fair and righteous is on the one receiving or acquiring the benefit."
Cannon v. Gilmer, 135 Ala. 302, 304-305, 33 So. 659 (1903).
Evidence was presented tending to show that Rosa trusted and was close to both Patti and Larry. It was only in the last few years prior to her death that Rosa's relationship with Larry began to deteriorate due to his excessive drinking. Rosa gave Larry and Patti a piece of property adjoining her home upon which to build a home. At one time Larry and Patti boarded with Rosa. Larry and Patti helped Rosa to care for Rosa's aged father. Later Rosa undisputedly executed the deed to her home, under which Larry claims a half interest, solely for the purpose of providing security for a loan to her daughter and son-in-law. Such action indicates the familial relationship of love and trust.
Larry also claims the court erred in finding Rosa was easily influenced. A loan officer of First Federal testified that she explained to Rosa that the bank would require her house be put in her name as well as Larry's and Patti's before the loan could be approved. It is understandable that Rosa would be easily influenced to comply in order to help her only child. The loan officer further testified that Rosa said she did not mind putting up her property as collateral because it would eventually be Patti's anyway.
Larry further contends the court erred in considering the lack of consideration as grounds for voiding the conveyance. He is correct that failure of consideration is insufficient grounds for cancellation of an otherwise valid deed. Williamson v. Matthews,379 So.2d 1245 (Ala. 1980). Yet, the court was not unreasonable in finding that the total lack of consideration combined with a fiduciary relationship and the circumstances existing at the time, made it unjust and inequitable to allow Larry to retain an interest in the property.
Though the trial court did not specifically speak in terms of a constructive trust, that is, in effect, what the decision imposes. If the ultimate decision of a trial court is correct, the judgment will be upheld even if for reasons other than those given by the trial court. See, Bryant v. Moss, 295 Ala. 339,329 So.2d 538 (Ala. 1976).
A constructive trust is a creature of equity which prevents unjust enrichment. "It will be applied when property has been acquired by fraud or where it would not be equitable to allow it to be retained by him who holds it." Seals v. Seals,423 So.2d 222, 224 (Ala. 1982). (Emphasis supplied.) A constructive trust enables equity courts to "compel one who unfairly holds a property interest to convey that interest to another to whom it justly belongs." Putnam v. Putnam, 274 Ala. 472, 475,150 So.2d 209, 212-213 (1963).
Evidence was presented whereby the trial court could reasonably decide that to allow Larry to retain an interest in the property would be to unjustly enrich him.
Larry agreed or acknowledged by or through the ore tenus stipulation entered on his behalf by his attorney that Rosa was the owner of her home or property after the mortgage on the same was executed to First Federal. Patti testified that on several occasions subsequent to the execution of the mortgage Larry said the *Page 866 
property should be reconveyed to Rosa and agreed to do so. He has not made any payments on the mortgage. Rosa was the sole occupant of her home and paid all the taxes and insurance from the date of the mortgage until her death in 1982.
For Larry to retain the property interest he claims would be unjust and inequitable. Therefore, we affirm the trial court's decision.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.