This appeal is from a divorce decree entered by the Circuit Court of Mobile County. The wife (appellant-Caroline Foster) maintains that the trial court improperly ordered a property division which resulted in the award of a portion of her separate estate to her former husband (appellee-Edward E. Foster). The wife also claims that the property settlement between the parties constituted an award of alimony to the husband.
The parties were divorced in May of 1978. Although the ground for their divorce was incompatibility of temperament, the underlying cause of the marital breakup was the husband's discovery that the wife had established a number of savings accounts in two banks into which she deposited her earnings from a position as a clerical worker at a local hospital. The accounts in one bank were held in the name of the wife, her daughter by a previous marriage, and the wife's father. Some of the accounts in the second bank were in the name of the wife and the parties' minor child while others were in the name of the wife and her daughter. Although the husband was aware of the existence of the savings accounts, it was his belief that his name was listed as a joint owner in the funds contained in the accounts. When the husband learned that such was not the case, marital problems arose between the parties which culminated in their divorce. It is the funds contained in the savings accounts which are at issue on this appeal.
The trial transcript reveals that both the husband and the wife were employed throughout most of their marriage. They maintained a joint checking account in which the husband's salary was deposited, along with portions of the wife's earnings. The family expenses were drawn from this account. In addition, the wife maintained the aforementioned savings accounts. Into these accounts the wife placed approximately half of her salary. One of the accounts which was held in the name of the wife and her daughter by a previous marriage also contained funds earned by the daughter during summer employment as a lifeguard. Other accounts included money from child support payments received from the wife's first husband. The funds contained in the savings accounts amounted to approximately $21,000-$22,000. At the termination of the proceedings in this matter, the trial court directed that the wife transfer to the husband the sum of $6,500 as "his share of the savings accounts." We hold that the trial court's action in awarding the husband that amount constituted a plain and palpable abuse of its discretion.
It is axiomatic that the parties to a divorce submit themselves and their property to the equity jurisdiction of the trial court. Body v. Body, 47 Ala. App. 443, 256 So.2d 184
(1971). And a divorce decree dividing the property of the parties is a matter addressed to the discretion of the trial court subject to review only for abuse of that discretion.Hamaker v. Hamaker, 57 Ala. App. 333, 328 So.2d 588 (1975). Moreover, a divorce decree which divides the couple's jointly owned property is not improper nor does such a decree violate the rule prohibiting a grant of alimony to the husband from the wife's estate. Bailey v. Bailey, Ala.Civ.App., 345 So.2d 304
(1977); Hamaker v. Hamaker; Baggett v. Baggett, 47 Ala. App. 539, 258 So.2d 735 (1972); Body v. Body. However, there is no authority for an award of the wife's separate property to her ex-husband regardless of whether she acquired such property prior to or after the marriage. § 30-4-1, Code of Alabama 1975.
In the present case the money deposited in the savings accounts was derived *Page 1229 
entirely from the earnings of the wife and her daughter by a previous marriage and from child support payments received as a result of that prior marriage. There was no evidence that the husband's salary was ever deposited in the accounts. Nor was there any evidence that he contributed to the funds contained in those accounts. Finally, the accounts listed the wife and other persons as joint owners — no account was held in the joint ownership of the husband and the wife. Consequently, the savings accounts were the separate property of the wife and should have been excluded from the assets which were divided between the parties upon their divorce. Sides v. Sides,284 Ala. 39, 221 So.2d 677 (1969); Creel v. Creel, Ala.Civ.App.,342 So.2d 793 (1977).
The obligation of a husband to support and maintain his wife is not absolved by the existence of her separate estate.Guthrie v. Bobo, 32 Ala. App. 355, 26 So.2d 203 (1946). Thus, while it is true that the husband's earnings were used for family expenses, thereby increasing the portion of the wife's salary available for her own savings, this fact did not entitle the husband to a share of those savings. For its failure to exclude the money in the savings accounts from the property division between the parties the trial court is reversed.
The final issue to be disposed of on this appeal arises from the wife's contention that the language found in the divorce decree regarding the residence of the parties is ambiguous. We disagree.
The judgment of divorce states:
 THAT the jointly owned homeplace . . . shall remain in the joint names of the parties and the Defendant [wife] shall have possession of the homeplace for as long as she remains unmarried or until the minor child reaches his majority. It is further Ordered that the Plaintiff [husband] shall be responsible for the house-note, taxes and insurance on the said homeplace and when the child reaches his majority or the Defendant [wife] remarries the said homeplace shall be sold and the equity equally divided between the parties.
This language indicates that upon the wife's remarriage or the minor child's nineteenth birthday, whichever occurs first, the home is to be sold and the proceeds divided equally between the parties. We find no error or ambiguity in this part of the trial court's decree.
That portion of the divorce judgment directing the wife to transfer $6,500 to her former husband as his share of the savings accounts is reversed. In view of our reversal of that portion of the trial court's decree, we remand the case to the trial court in order that it may reassess the entire property division contained in the judgment of divorce.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.