This is a divorce case.
After the parties' divorce in 1974, the wife petitioned the Circuit Court of Lee County for a rule nisi due to the husband's failure to pay alimony. The husband unsuccessfully defended on the ground that Alabama's alimony statutes, §§30-2-51, 52, and 53, Code of Ala. 1975, were unconstitutional. Upon the husband's appeal to this court, we sustained the constitutionality of the statutes. Orr v. Orr, Ala.Civ.App.,351 So.2d 904 (1977).
The husband appealed to our supreme court which initially granted certiorari, but which subsequently, without opinion, quashed the writ as improvidently granted. Orr v. Orr, Ala.,351 So.2d 906 (1977).
The husband appealed to the Supreme Court of the United States. That court, on March 5, 1979, held that §§ 30-2-51, 52, and 53 were unconstitutional on the ground that they were violative of the equal protection provisions of the United States Constitution. Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102,59 L.Ed.2d 306 (1979). The case was remanded to this court for proceedings consistent with the Supreme Court's opinion.
Upon remand, the wife filed in this court a motion to affirm the judgment rendered in the court below.
The dispositive issue now before us is whether the wife's motion to affirm the original judgment of the trial court should be granted. For the reasons set forth below, we hold that it should and affirm.
We note at the outset that the Supreme Court of the United States in its opinion goes to some length to suggest matters of state law which might well preserve the wife's right to alimony in this instance. Specifically, the opinion suggests that this court can respond to reversal and bind Mr. Orr to continue his alimony payments on two such grounds: (1) by a neutral extension of alimony rights to needy husbands as well as wives,Orr, supra, at 272, 99 S.Ct. 1102; and/or (2) by determining that, as a contractual matter, Mr. Orr is bound to continue alimony payments by virtue of his stipulated agreement to do so. Id. at 284, 99 S.Ct. 1102.
Considering the entire proceeding and the importance of the issues raised by this matter, we determine that the motion is properly before this court and that the issues raised therein are appropriate for our consideration. See State ex rel. Knoxv. Dillard, 196 Ala. 539, 72 So. 56 (1916). See also Bryant v.Moss, 295 Ala. 339, 329 So.2d 538 (1976); Sterling Oil ofOklahoma, Inc. v. Pack, 291 Ala. 727, 287 So.2d 847 (1973).
Our alimony statutes were found to be constitutionally impermissible for the reason that they are underinclusive; that is, they improperly exclude statutory benefits from a class of individuals on the basis of sex. The wife initially contends that this court can respond to reversal by neutrally extending alimony rights to males as well as females. In support of this contention, she cites Orr, supra, in addition to other appropriate authority. We agree.
Where a statute is constitutionally infirm on the basis of underinclusiveness, a court may satisfy the Constitution's commands by either extending benefits to those excluded from the scope of its coverage or by invalidation of the statute in its entirety. Orr, supra; Welsh v. U.S., 398 U.S. 333,90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). In Welsh, supra, the Supreme Court stated:
 Where a statute is defective because of underinclusion there exist two remedial alternatives: a court may either declare it a nullity and order that its benefits not extend to the class that the legislature intended to benefit, or it may extend the coverage of the statute to include those who are aggrieved by exclusion. . . . (Citations omitted.) 398 U.S. at 361, 90 S.Ct. at 1807-1808, Harlan, J., concurring.
Courts have on a number of occasions remedied the deficiencies in underinclusive statutes by extending benefits to those impermissibly excluded. See, e.g., Califano v.Goldfarb, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977);Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, *Page 897 
43 L.Ed.2d 514 (1975); Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509,20 L.Ed.2d 436 (1965); White v. Crook, 251 F. Supp. 401 (M.D.Ala. 1966); Beal v. Beal, Me., 388 A.2d 72 (1978). See also Eich v.Town of Gulf Shores, 293 Ala. 95, 300 So.2d 354 (1974).
The choice between invalidation of a statute or expansion of the scope of its applicability requires, of necessity, an ascertainment of the predominant legislative purpose underlying the statute's enactment. Beal, supra. That is to say, given the nature and substance of the statute, its relevant economic, social, and historical implications, can it be concluded that benefits should be terminated to the class of persons whom the legislature intended to benefit. In this instance, we think not.
Alabama's current alimony statutes have their genesis in §§ 1970, 71, and 72, Code of Ala. 1852. As we suggested in our original opinion, this statutory scheme has served a crucial legislative policy; to provide alimony upon the demise of a marriage in order to preserve the economic status quo of the parties as its existed during the marriage. Orr v. Orr, Ala.Civ.App., 351 So.2d 904 (1977).
It is clear to this court that the statutes, notwithstanding the deficiency which the Supreme Court found to exist, were at the time of their promulgation substantially related to the appropriate legislative objective of providing monetary assistance to the financially needy wife and that this objective continues, as a pragmatic matter in appropriate circumstances, in its viability today. Furthermore, it occurs to us that the legislature is quite cognizant of the fact that the female in appropriate cases who has virtually contributed her adult life to the maintenance of the marital relationship is arguably not destined for "the market place. . . ." Put another way, a female who has virtually never been employed outside the home, but has been a mother, wife, and/or homemaker for a number of years is not in a favored position to obtain gainful employment.
As a matter of predominant legislative purpose then, we are not prepared to eliminate the current statutory benefits available to needy females inasmuch as we are of the opinion that the legislature would not do so. We are in agreement with the Supreme Court of Maine, in Beal, supra, which, in its resolution of the issue of whether to extend or eliminate the benefits of its original alimony statute concluded:
 [A]s between abolishing alimony and making it available to husbands in appropriate cases, [the legislature] would choose the latter. We conclude that the dominant legislative purpose of the alimony statute, as it stood when this action was brought, is correctly served by treating is as extending eligibility to men as well as women. . . . 388 A.2d at 76.
Because we here respond to reversal by neutrally extending alimony rights to needy husbands as well as wives, we hold that the wife's motion to affirm the judgment rendered below is due to be granted.
We would be remiss in not commenting that we take the above action reluctantly. It has been the policy of this court not to encroach on the legislature's function. We adhere to that policy. However, in view of the magnitude of the problem created by the action of the United States Supreme Court, we are compelled to apply the principle of law which we do in this instance. Unless we take appropriate measures, Alabama will be without an alimony statute. The legislature has not had ample opportunity to respond to this void; it therefore becomes our duty to fill that void by the application of appropriate legal principles.
In view of the above it is unnecessary to reach other issues raised by the motion to affirm.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 898