BRADLEY, Judge.
The above cause was reversed and remanded to this court by the Alabama Supreme Court, 376 So.2d 715, to consider in light of our decision in Orr v. Orr, 374 So.2d 895 (Ala.Civ.App.1979).
In Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), the United States Supreme Court held the Alabama alimony statutes unconstitutional for the reason that they denied the husband equal protection of the law. Subsequent to and in conformity with that decision, this court rendered a decision, i. e. Orr v. Orr, 374 So.2d 895 (Ala.Civ.App.1979), cert. den., 374 So.2d 898 (Ala.1979), extending the benefits of the alimony statutes equally to men as to women, thereby removing the equal protection infirmity. After the rendition of the May 30, 1979 decision by this court, the Alabama legislature amended the alimony statutes to extend the benefits of them to men as well as to women. Act No. 486, Acts of Alabama 1979.
In the case at bar the husband did not seek alimony, nor did he show a need therefor, and, as a matter of fact, his principal arguments on appeal were that Mrs. Gart-man’s personal estate was sufficient for her support and that she should not have been awarded any alimony either out of his savings or from his future income; whereas, the wife established by the evidence her need for alimony and the husband’s ability to respond to that need. We found no error with this aspect of the trial court’s decision in our original opinion, and we are not aware of a valid reason for changing that decision now.
After a careful consideration of the case as mandated by the Alabama Supreme Court, we affirm the judgment of the trial court.
AFFIRMED AFTER REMAND FROM ALABAMA SUPREME COURT.
WRIGHT, P. J., and HOLMES, J., concur.