Defendant appeals from a judgment finding him in contempt of court for failing to pay alimony and denying his petition for modification of a prior judgment requiring payment of alimony.
Plaintiff petitioned for citation for contempt for failure to pay alimony. Defendant responded with an answer charging plaintiff with living openly or cohabiting with a man. He requested termination of alimony because of such conduct as provided by § 30-2-55, Code of Alabama (1975) (Cum.Supp. 1978). Defendant further requested modification for change of circumstances. *Page 88 
Evidence was heard orally by the court. Defendant was found in contempt for failing to pay alimony as ordered by judgment of November 1, 1976. He was ordered confined to jail until he paid the determined arrearage of $1,800. The plaintiff was found by the court not to have been living openly or cohabiting with a man under the statute. Defendant was ordered to pay $350 in attorney fees. His request for modification of the prior judgment was denied.
The first issue is that the trial court erroneously determined that plaintiff did not live openly or cohabit with a man. The evidence was that prior to July 31, 1978, a man lived for some time at the home of the plaintiff. The date and length of his stay are not clear. It is undisputed that plaintiff and the man went to bars and danced together. They ate some meals together at the home of plaintiff's son. The man on occasion drove plaintiff's car to the store. Plaintiff stated that the man rented a room from her for a time and she evicted him for failing to pay rent. She testified that they went out socially on occasion, but that there was no sexual intimacy between them. That statement was buttressed by her testimony that she was, at the time, physically incapable of sexual intercourse. There was no rebuttal to that testimony.
Defendant argues that the court based its findings of no cohabitation solely upon the absence of sexual intercourse and thus erred. We do not agree. The court did make specific findings of fact relating to the acts of plaintiff, among which was that she did not commit adultery and that she was incapable of having sexual intercourse. However, we consider such findings merely facts supportive of the primary finding that plaintiff did not live or cohabit with a man so as to forfeit her right to alimony under § 30-2-55. There is other evidence which also supports that primary finding. We have heretofore said that whether there exists a state of "living openly or cohabiting with a member of the opposite sex" is a question of fact for the court. Atkinson v. Atkinson, 372 So.2d 1106
(Ala.Civ.App. 1979). We agree with defendant that proof of inability to perform sexual intercourse does not negate a determination of "living openly or cohabiting." However, it is a fact which may be considered in making such determination. We are unable to find error in the trial judge's finding that defendant failed to carry his burden of proof.
The second issue is in two parts: (a) Did the court err in allowing evidence of the amount in a savings account in the name of defendant's present wife? (b) Did the court err in refusing to modify the payment of alimony?
We find no injurious error in the admission of evidence as to the savings account in the present wife's name. It was pertinent to inquire as to the account to determine if its source was the defendant or if he had an interest in it. Of course, it could not be considered an asset of the defendant if the evidence showed it to be the property of the wife.
Under the state of the evidence, we find it undisputed that the defendant is unemployed, having been fired from his job prior to the hearing. His only income is stated to be a Social Security payment of $90 per week. He has no retirement and no money. There is no evidence that he has either real or personal property from which he can pay alimony in the sum of $90 every two weeks and maintain himself. Clearly the evidence establishes a marked change in the financial condition of defendant since the prior judgment. It further shows employment of the plaintiff. Such change requires modification. Body v.Body, 47 Ala. App. 443, 256 So.2d 184 (1971). We therefore reverse the judgment as it denies defendant's request for modification of the prior judgment as to the payment of alimony. We remand for further consideration or the taking of additional evidence if deemed necessary, to determine an amount of alimony, if any, defendant should pay to plaintiff in the future.
We also, in view of the evidence, find the award of attorney fee to plaintiff in the amount of $350 unreasonable and *Page 89 
reverse that part of the judgment and remand for further consideration.
The remaining issue presented is that the judgment for alimony should have been terminated because the statute which supported it is unconstitutional. Orr v. Orr, 440 U.S. 268,99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). We have already decided that issue adversely to defendant in our decision after remand inOrr v. Orr, 374 So.2d 895 (Ala.Civ.App. 1979); cert. denied,374 So.2d 898 (Ala. 1979). Our alimony statute is now gender neutral and is to be so applied. However, it has no application here unless defendant intends to contend that he is entitled to alimony from the plaintiff. We doubt that such is the case. We do not understand Orr to deny the right of a wife to an award of alimony based upon need and the ability of the husband to pay. It merely requires that the same right be extended to the husband, when he can show the same circumstances of need and the ability of the wife to pay.
There is no issue presented in this appeal by defendant of the correctness of the judgment holding him in contempt nor as to the order of confinement until the contempt is purged. We therefore do not consider that aspect.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.