This is a divorce case. We affirm. The issues presented are: (I) Does the award of alimony in gross to the wife violate the husband's constitutional right of equal protection of the law? And (II) Was the award of alimony in gross so unfair to the husband as to constitute an abuse of discretion?
The marriage of the parties had endured for seventeen years. They were both employed in industry throughout their marriage. A significant marital estate had been accumulated. There were no children. During the last two years of the marriage, the parties had become combative and incompatible. The husband admitted before the court to acts of adultery though the divorce was not granted upon that ground. The husband had been employed for over *Page 142 
twenty years by Ford Motor Company, earning in 1978 over $30,000. The wife had been employed at Monsanto Chemical Company for 23 years and earned in 1978 some $14,000. They were in their forties and in good health. Their future employment prospects were equally good, with retirement benefits accumulating.
In 1976 the parties constructed a new home after living frugally in a small apartment since their marriage in 1961. The home was built upon two acres of land given them by the wife's mother. They had saved over $66,000 and paid over $30,000 of the cost of construction in cash. They financed a loan from a bank for the remaining $31,000 cost by pledging two certificates of deposit of $18,000 each. Payments of $660 per month were being made to the bank. A portion of the payment was derived from interest on the certificates. The earnings of each went into living expenses and/or savings. There was no evidence of extravagance or lack of complete cooperation in accumulating the marital assets.
After hearing the testimony, the court entered judgment for divorce on the ground of incompatibility. The wife was awarded the major assets of the parties, including title to the home valued between $65,000 and $75,000. The balance owed for its construction of some $18,000 was ordered paid from the certificates of deposit. The remaining savings of approximately $28,000 were divided equally. The wife was awarded any savings in Monsanto Credit Union. She was given the 1975 model Mercury automobile and substantially all of the household furnishings. The husband was given the tractor and farm equipment, a truck and a Pinto station wagon upon which some $2,800 was owed and the money in the checking accounts. Though there is no valuation upon the various personal properties, the wife in receiving the home, its furnishings and one-half of the savings remaining after the house was fully paid for, received assets in value of $90,000 to $100,000. The real estate and cash awarded to her amounted to at least $85,000 in value.
The husband received some $14,000 in cash and personal property of undetermined value but with at least $2,800 indebtedness. The value of the award to the husband is unlikely to exceed $25,000.
The disproportionate award to the wife is charged on appeal as constituting an abuse of discretion.
Though the award to the wife from the marital assets is liberal, the trial court is afforded wide discretion in its judgment in divorce cases. Huckaba v. Huckaba, 336 So.2d 1363
(Ala.Civ.App. 1976). That discretion is presumed correctly applied upon appeal and is to be set aside or revised only if determined to be so arbitrary, disparate and contrary to equity as to be clearly wrong and unjust. Weeks v. Weeks,373 So.2d 848 (Ala.Civ.App. 1979). The fact, if it be a fact, that we might not have reached the same decision had we been sitting as the trial judge is not reason for reversal. Novak v. Novak,339 So.2d 77 (Ala.Civ.App. 1976). To reverse for such reason would be substituting our judgment for that of the trial judge.
The trial court said in its judgment that the award to the wife was to supplant all the obligations of the husband to the wife, both present and future, arising from the marital relationship. It has been said by our courts that an award of alimony in gross is intended to effect a final termination of the property rights and relations of the parties. It involves consideration of many factors, including the earning ability of the parties, their probable future prospects, the source of the marital property, the contribution of each to its attainment, the duration of the marriage, the extent of the delictum of the offending party, and, in a measure, for the wife, compensation for loss of her right to future support and statutory inchoate property rights. Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974); Ex parte Thompson, 282 Ala. 248, 210 So.2d 808 (1968);Frazier v. Frazier, 273 Ala. 53, 134 So.2d 205 (1961); Steinerv. Steiner, 254 Ala. 260, 48 So.2d 184 (1950). *Page 143 
In this case, the trial court could have and probably did consider the evidence that the parties had worked hard and saved with equal intensity for some fifteen years toward the end of building a comfortable home and secure future together as husband and wife; that they had been admirably successful financially while retaining personal compatibility until the husband, for whatever reason, formed extra-marital attachments. The court could further have considered that the present and future earning ability of the husband was more than twice that of the wife. It is to be noted that though the award in this case is denoted by the trial court as alimony in gross, it could as well have been termed a property settlement since it was presently payable from the jointly owned marital estate.Hager v. Hager, 293 Ala. 47, 54, 55, 299 So.2d 743 (1974); Eppsv. Epps, 218 Ala. 667, 120 So. 150 (1929); Smith v. Smith,45 Ala. 264, 268, 269 (1871). It is well settled that a property division in a divorce case is not required to be equal but merely equitable according to the facts of the case. The factors for consideration of the court are substantially the same as for alimony in gross. Bailey v. Bailey, 345 So.2d 304
(Ala.Civ.App. 1977).
This court, after careful review of the evidence, is unable to hold that the award to the wife is so disproportionate to that to the husband as to be an abuse of discretion.
The other issue presented is that of denial of equal protection of the law to the husband by the alimony statute. We have previously responded to that issue in other cases,Ethridge v. Ethridge, 379 So.2d 87 (Ala.Civ.App. 1979); Gartmanv. Gartman, 376 So.2d 716 (Ala.Civ.App. 1979), since the decision of Orr v. Orr by the Supreme Court of the United States, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), and the decision of this court upon remand, 374 So.2d 895
(Ala.Civ.App. 1979), cert. denied, 374 So.2d 898 (Ala. 1979). There is no reason to repeat what we have said in those cases. The rule pronounced there applies equally in this case.
It seems that there is being read into the decision in Orr v.Orr the requirement that husband and wife stand equally before the trial court as a matter of law without regard to the facts and equities shown in each case. This court does not read it so. We believe Orr to require only what the new statutes[1]
provide, that is, either the husband or wife may be granted payment of alimony from the other upon a showing of requisite need by one together with the requisite ability to pay by the other. This does not require consideration of substantially different factors from those considered by the court in granting alimony in cases before Orr, except now those factors may be considered in favor of the husband as well as the wife if alimony is requested by the husband. From a practical view, in spite of a gender neutral statute, in most cases the right of the husband to request alimony will not be sustained by evidence nor the equities. This is particularly true in relation to alimony in gross and property divisions when the factor of compensation for loss of statutory inchoate property rights of the wife, such as homestead, dower and inheritance are considered. To date, those statutes which are peculiarly favorable to the wife have not been held constitutionally objectionable.
Thus the argument of the husband that our gender neutral construction of the alimony statutes upon remand of Orr is not retroactive is not well taken. The equities shown by the evidence in this case support the award to the wife even under a gender neutral statute.
The request of the wife for attorney's fee on appeal is granted in the sum of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Act 79-486, Acts of Alabama, Regular Session 1979. *Page 144