This is a divorce case.
The parties were divorced on October 17, 1978, by decree of the Montgomery County Circuit Court. The decree among other provisions, provided for the payment of periodic alimony by the husband, awarded the parties' residence to the wife, and ordered the husband to pay the wife's attorney fee. The decree was not appealed.
On March 30, 1979, the husband filed a petition to modify alleging changed circumstances in that his former wife had secured different employment which had improved her financial situation. The petition further requested relief from the decree pursuant to Rule 60 (b), ARCP on the grounds that the award of alimony and the parties' residence to the wife was unconscionable and that the Alabama alimony statute upon which the provision for periodic alimony was based had been declared unconstitutional in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102,59 L.Ed.2d 306 (1979).
After an ore tenus hearing, the trial court denied the petition to modify and refused to consider the husband's constitutional argument, finding it to be untimely raised.
The husband contends on appeal that the decision of the United States Supreme Court in Orr renders judgments based on the prior law void or voidable and that Rule 60 (b), ARCP is the appropriate vehicle for review of those judgments. He argues that as his petition was filed within the time limits imposed by Rule 60 (b), the constitutional issue was timely raised and the trial court erred in its refusal to consider it.
It has long been the practice of our courts to refuse to hear an attack on the constitutionality of a statute when it is not raised in a timely manner at the trial on the merits. Caylor v.Caylor, 344 So.2d 173 (Ala.Civ.App. 1977). Thus, we will not allow a party to raise such an issue for the first time in a motion for new trial or on appeal. Dale v. Dale, 54 Ala. App. 505, 310 So.2d 225 (1975).
A motion for relief from judgment pursuant to Rule 60 (b), ARCP is not a substitute for appeal, Marsh v. Marsh,338 So.2d 422 (Ala.Civ.App. 1976), nor do we consider it a method for raising a constitutional issue not timely presented at the trial on the merits. Thus, we agree with the trial court that the husband's challenge of the alimony statutes by a 60 (b) motion should not be sustained.
Moreover, we have previously responded to the issue presented by the husband's motion in other cases. Ethridge v. Ethridge,379 So.2d 87 (Ala.Civ.App. 1979); Gartman v. Gartman,376 So.2d 716 (Ala.Civ.App. 1979); Thompson v. Thompson, 377 So.2d 141
(Ala.Civ.App. 1979). We see no reason to repeat what we have said in those cases.
The husband contends that the award of both periodic alimony and the parties' residence to the wife was unconscionable. The trial court considered and rejected this contention on motion for new trial in the original proceeding. The husband did not appeal that ruling. As pointed out above, Rule 60 (b) is not a substitute for appeal. Marsh v. Marsh, supra. *Page 619 
The husband's final argument is that the trial court's denial of his petition to modify the decree due to changed circumstances was an abuse of discretion. We see no need for a lengthy recitation of the facts in this case. It suffices to say that the evidence in the record indicates an increase in income for both parties. When viewed in light of the presumption of correctness accompanying judgments rendered after oral hearing, we cannot find that the court's order is so unsupported by the evidence as to be an abuse of discretion.Capra v. Capra, 56 Ala. App. 90, 319 So.2d 286 (1975).
The wife's request for an attorney's fee on appeal is granted in the sum of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.