BRADLEY, Judge.
The appellant, Martha H. Hocutt (Celeste Hocutt Hogan) (hereinafter referred to as “Mrs. Martha Hocutt”) appeals from a decision by the trial court granting summary judgment on the counterclaim of appellee, Mr. A. M. Hocutt, terminating his alimony obligations. Appellant also appeals from summary judgment granted appellee against Mrs. Hocutt’s petition to modify the divorce decree. We reverse.
Mr. and Mrs. Hocutt were divorced on February 9, 1973 with said decree granting to Martha Hocutt, among other things, $500.00 per month alimony, and a life insurance policy of $50,000.00 with Mrs. Hocutt named as irrevocable beneficiary. When Mr. Hocutt reached the age of seventy, it was agreed that the insurance policy would be reduced to $25,000.00.
On August 22, 1978 Mrs. Hocutt filed a petition to modify, as amended, seeking an increase in her alimony payments due to “changed circumstances” alleged in her petition. On March 12, 1979 Mr. Hocutt filed an answer and counterclaim to the petition generally denying Mrs. Hocutt’s allegations and counterclaiming that the Alabama divorce statute is unconstitutional. Mr. Ho-cutt requested the trial court to release him *620 from any future alimony payments and from maintaining the insurance policy in her name. On this same day, i. e. March 12, 1979, Mr. Hocutt filed a motion for summary judgment. It should be noted that on March 5, 1979 the United States Supreme Court decided Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), which was reversed and remanded to this court for further consideration and action. On March 28, 1979 Mrs. Hocutt filed a motion for a continuance to await pending Alabama legislative and judicial action before proceeding further. This was denied, and on May 2, 1979 the trial judge granted summary judgment in favor of Mr. Hocutt, holding that in light of the Orr decision by the United States Supreme Court, Mr. Ho-cutt is no longer obligated to make monthly payments or keep the insurance policy in force. A motion for reconsideration or in the alternative a motion for new trial was filed on May 16, 1979 by Mr. Hocutt. This was denied on July 31, 1979. As a result, Mrs. Hocutt filed an appeal with this court on August 27, 1979.
Appellant’s primary contention on this appeal is that the trial court committed reversible error when it summarily terminated appellee’s obligation to pay alimony based on the United States Supreme Court’s decision in Orr v. Orr. Secondarily, appellant says that the trial court erred in giving appellee a summary judgment on her request for a modification of the alimony payments.
If we decide that the Alabama alimony statutes are not unconstitutional and that the trial court erred in so holding, it follows that the trial court also erred in granting a summary judgment on appellant’s petition to modify.
The grant or denial of the relief requested in a modification petition depends on whether the petitioner proves a material change in circumstances since the divorce decree. Obviously such a decision must depend on the evidence adduced before the court in a hearing. The grant of a summary judgment forecloses such a hearing.
Returning to appellant’s primary contention that the trial court erred in summarily terminating her alimony payments based on the unconstitutionality of the Alabama alimony statutes, we note that this court, on remand of the Orr v. Orr case from the United States Supreme Court, extended the benefits of the alimony statutes to men as well as women and thereby neutered the gender of those statutes as authorized by the Supreme Court in the Orr case. See Orr v. Orr, Ala.Civ.App., 374 So.2d 895, cert. den., Ala., 374 So.2d 898 (1979). The effect of our decision was to extend the benefits of the Alabama alimony statutes to needy husbands as well as wives to the time of the United States Supreme Court’s Orr decision. Consequently, there never was a time when Mr. Hocutt was not obligated to provide the required support. Hence, the trial court erred in granting summary judgment to appellee on his counterclaim and against appellant on her modification petition. The trial court’s summary judgments are reversed and the cause remanded for a hearing on appellant’s petition to modify.
Appellant is awarded $500 for the services of her attorney on this appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.