EDWARD H. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
When the parties married in 1966 the appellant wife earned $130 per week and the husband $200. Through a reduction in force they lost their jobs in 1969, whereupon the husband operated a service station for two years and then operated a used car lot until 1973 when he sold the lot and commenced farming and selling used cars. *881 His latest endeavors are speculation in real estate and the construction and sale of houses. Additionally, there was evidence that the husband earned a considerable amount of money during the years through gambling, as to which he had recently entered a plea of guilt, receiving a probationary sentence therefor.
The wife, after being laid off, obtained other employment at the rate of $160 per week, was then unemployed for a year, and subsequently accepted a position as manager of a water system with an annual salary of $8,000. She quit her job in 1977 and has not worked since.
The wife’s four children by a prior marriage lived with the parties until they became economically emancipated. The husband, in addition to an unlimited grocery account, gave to the wife from $8,000 to $14,000 each year to meet the needs of the family. The natural father of her four children did not contribute any child support during the marriage of these parties. The wife used her earnings without any instructions or limitations from the husband.
In March 1979, the appellant left the home of the parties, filing her divorce complaint on March 26 seeking, among other relief, a divorce, alimony and an equal division of property.
The case was set on May 18, 1979, to determine support for the wife during the pendency of the case. When the matter came on to be heard, the husband objected to any award of alimony, permanent or temporary, to the wife on the basis of Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). The trial court sustained the appellee’s objection to alimony, whereupon the parties agreed to proceed with the trial upon its merits.
The trial occurred on May 18 and May 25, 1979. The transcript is 479 pages in length. Upon completion of the testimony, the trial judge took the case under advisement and rendered judgment on June 5, 1979 granting a divorce because of incompatibility of temperament and divided the property as follows:
The parties jointly own a great deal of property both real and personal. The Court is of the opinion Mrs. Lindsey is entitled to the following pieces of property as property settlement: (a) the residence at Mud Tavern (b) the house and lot at 903 3rd Avenue S.E., Decatur. Mr. Lindsey is entitled to the balance of the real estate. Each party is ordered to execute deeds to the other to effectuate the above.
Mrs. Lindsey is entitled to the furniture, furnishings and all appliances located at the parties’ residence. Mr. Lindsey is entitled to all the other personal property.
Mr. Lindsey shall be responsible for all the debts created by the parties prior to their separation with the exception of the mortgage on the family resident. Mrs. Lindsey shall be responsible for that debt.

No post judgment motions were filed. The wife appealed and complains that the division of property was clearly and palpably erroneous and that she should have been awarded alimony in gross and periodic alimony.
At the time of the divorce judgment ten tracts of real estate were involved. The evidence varied greatly as to the total value of the real estate awarded to the husband and as to the amount of indebtedness which the husband was required to assume under the judgment.
The wife’s two parcels were valued at $49,000 with her mortgage indebtedness against the home being $13,000.
The home of the parties was purchased in 1971. A lot in Decatur was purchased in 1977 and the other eight parcels were bought in 1978 or 1979 when the wife was being totally supported by the husband. The appellant testified that the business ventures were entirely the husband’s, that he managed them, made whatever profits were realized and paid the bills and debts of his business. She testified that she advised him about some of the purchases of real estate and occasionally assisted him by run *882 ning errands and making telephone calls on his behalf as to the land or houses under construction.
The purchase price for the eight parcels awarded to the husband was $195,000. The appellant contends that the equity of the parties in all real estate totaled between $318,000 and $429,600. The appellee contends that his net equity in his eight tracts is $111,000, not including interest on loans at rates up to 13% per annum. There is evidence to substantiate each such contention of each party with regard to the real estate and this same observation is equally valid with regard to the division of personal property.
Thus, questions of fact were involved in this case. The trial judge heard the evidence. There was evidence which, if believed, would not render the judge’s decision as being clearly and palpably wrong. Hence, we cannot disturb that portion of the trial court’s judgment previously copied herein. The division of property is a matter within the sound discretion of the trial judge, and he did not abuse his discretion. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281 (1979); Marks v. Marks, Ala.Civ.App., 365 So.2d 1231 (1979). We, therefore, affirm the judgment of the circuit court regarding a division of property.
On March 5, 1979, the Supreme Court of the United States in Orr, supra, declared certain Alabama Code sections as to alimony to be unconstitutional as being violative of the equal protection clause. The appellee’s objection to any award of alimony was sustained by the learned trial judge on May 18, 1979. The two day trial was concluded before this court, on May 30, 1979, neutrally extended alimony rights to husbands as well as wives, thus giving validity to such alimony statutes. Orr v. Orr, Ala.Civ.App., 374 So.2d 895 (1979). Six days later, on June 5,1979, the judgment in this case was rendered by the trial judge and alimony was not mentioned therein. The Supreme Court of Alabama denied cer-tiorari in the Orr case on August 17, 1979. Ex parte Orr, Ala., 374 So.2d 898 (1979).
In presently considering the alimony questions in this case with the benefit of hindsight, we hold that the circuit judge erred, in that he should have allowed evidence to be introduced, should have considered such evidence and then rendered a judgment as to whether or not the appellant wife was entitled to alimony in gross and/or periodic alimony. See, Hocutt v. Hocutt, Ala.Civ.App., 379 So.2d 619 [1980].
This case is reversed as to such alimony aspects and is remanded to the circuit court where it shall be decided whether or not the appellee shall be required to pay alimony in gross and/or periodic alimony to the appellant, and, if so, the amount or amounts thereof. Either or both of the parties shall have the right to submit additional relevant evidence upon such alimony issues since such matters were supposedly not litigated when the last trial occurred. Any pertinent evidence previously heard may be considered in reaching a decision upon such matters.
The foregoing opinion was prepared by retired circuit judge EDWARD H. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. His opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All Judges concur.