This is a divorce case where the controversy now centers upon the following issues: (1) The division of property; (2) Whether the trial court had a legal or constitutional basis for granting periodic alimony to the plaintiff wife; and (3) Whether the alimony award violates the "involuntary servitude" prohibitions of the thirteenth amendment to the Constitution of the United States.
After a two-day ore tenus trial before the court, the wife was awarded four adjoining real estate lots in Lynn, Alabama, upon which were located the home of the parties, a rental house which was in a poor state of repair, and a garage or workshop. The defendant was ordered to pay the balance due upon the home mortgage which *Page 208 
exceeded $8,800. Of the real estate, the husband received a lot in Lynn, which was separate from the wife's lots, and upon which existed an almost worthless garage.
As to personal property, the wife received the household goods, furniture and appliances together with her clothing, jewelry personal effects and her vehicle, a 1977 Ford Thunderbird, with the wife to pay the remaining debt against her car. The residue of the personal property was awarded to the defendant, including, but not being limited to, five Mack tractor trucks and coal hauling trailers, a Dodge van, a service truck, an old school bus, truck tires, equipment, tools, welders, an air compressor and a drag race car which had considerable value. He also received a certain mortgage owed to the parties in the amount of around $2,800. The evidence was to the effect that the defendant owed considerable sums of indebtedness upon his commercial vehicles which were utilized to haul coal for his employer. The net earnings from the use of these vehicles was very substantial over the years.
While the award to the wife was disproportionate to the property granted to the husband, we have read, studied and considered the lengthy record herein and cannot hold that the trial judge was clearly and palpably wrong in such division of property between the parties. Thompson v. Thompson,377 So.2d 141 (Ala.Civ.App. 1979).
In Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306
(1979), which was decided on March 5, 1979, prior to the trial of this case and prior to the rendition of the judgment herein on June 22, 1979, the Supreme Court of the United States declared Alabama's alimony statutes to be unconstitutional. The defendant argues that there was no alimony statute in effect from March 5, 1979, until our present statutes became effective on July 27, 1979, and that the trial court, therefore, had no authority to grant alimony in this case. Such argument overlooks the subsequent decision of this court in Orr v. Orr,374 So.2d 895 (Ala.Civ.App. 1979), which was decided on May 30, 1979, and which extended alimony benefits to husbands as well as wives, thus overcoming the equal protection objections to the statutes. Here the alimony award was based upon statutes which have been declared to be valid under the fourteenth amendment. Lindsey v. Lindsey, 380 So.2d 880 (Ala.Civ.App. 1980); Hocutt v. Hocutt, 379 So.2d 619 (Ala.Civ.App. 1980);Thompson v. Thompson, supra.
The husband further contends that he and the plaintiff, after the divorce, are now strangers as nearly so as if they had never been married, especially since both children of the marriage have reached their majority, and to require him to pay alimony is calling upon him to support a person standing in no relationship to him and having no moral claim upon him. According to the defendant, this award of alimony of $750 per month places him in the shoes of an indentured servant in involuntary servitude in violation of the thirteenth amendment. We disagree. While the marital relationship is dissolved by a divorce, certain duties or obligations may continue such as an award of periodic alimony pursuant to a valid alimony statute. A court order in a divorce judgment directing one party to pay alimony to the other party does not impose involuntary servitude upon the payor. Clark v. Clark, 152 Tenn. 431,278 S.W. 65 (1925).
The amount of alimony ordered to be paid monthly by the defendant to the plaintiff was not overly liberal in view of the defendant's prior earnings record. His adjusted gross income as reported on his federal income tax returns was around $32,000 in 1976, over $69,000 in 1977 and exceeded $37,000 in 1978.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama *Page 209 
(1975). His opinion is hereby adopted as that of the court.
AFFIRMED.
All Judges concur.