BRADLEY, Judge.
This is a divorce case.
The sole issue in this case is whether the division of property is so inequitable and the award of alimony in gross so inadequate as to constitute an abuse of discretion by the trial court. We hold that there was no abuse of discretion and affirm.
Although at times conflicting, the evidence tends to reveal the following facts: L. D. Boyd and Doris A. Boyd were married in 1952. They have three children, ages twenty-four, twenty-two and nineteen. Mr. Boyd owns and operates Dixie Heating and Cooling Company. Mrs. Boyd has worked throughout the marriage and has been employed at South Central Bell Telephone since 1955. Mrs. Boyd contends that she used her personal earnings from Bell Telephone to purchase stock for Mr. Boyd in Dixie Heating in 1961. Mr. Boyd denies such contention. Mr. Boyd also denied that Mrs. Boyd had ever invested any money in Dixie Heating, denied that she had any interest in property owned by Dixie Heating, and denied that Mrs. Boyd had ever loaned Dixie Heating any money. There is also conflicting evidence relating to other investments made by the parties.
There were three separate appraisals made of the property belonging to the parties. According to one appraisal, Mr. Boyd and Mrs. Boyd each received approximately $94,000. Another appraisal gave Mrs. Boyd approximately $52,000 and Mr. Boyd $142,-000. A third appraisal gave Mrs. Boyd approximately $87,000 and Mr. Boyd $164,000.
In its decree the trial court ordered that the residence and the farm on which it is located, along with the farm equipment, are to be sold and the proceeds divided between the parties as follows: two-fifths to Mr. Boyd and three-fifths to Mrs. Boyd. Mrs. Boyd is to receive the household goods with the exception of certain personal items belonging to Mr. Boyd. The parties jointly owned forty-one shares of AT&T stock which were divided equally between them. Mr. Boyd received all shares of the capital stock of Dixie Heating and the building and property which the business owned and on which the business was located. He was also awarded a vacant commercial building lot, two hundred shares of capital stock in Etowah Builders Supply and debentures in same, two automobiles, a house trailer, and share collateral at First Federal Savings and Loan. Mrs. Boyd was given all stock in Doris’ Beauty Shop other than that owned by some of her children, the property whereon the beauty shop is located, two automobiles, all remaining shares of AT&T stock, and a certificate of deposit in the amount of $5,000.00. Furthermore, Mrs. Boyd was awarded $7,500.00 as an attorney’s fee for the services of her attorney.
In divorce cases the rule is that the trial court’s decree is presumed correct and will not be set aside unless shown to be plainly and palpably wrong. Weeks v. Weeks, Ala.Civ.App., 373 So.2d 848 (1979). Furthermore, the trial court has wide discretion in making a property division and in awarding alimony in gross. Hawkins v. Hawkins, Ala.Civ.App., 346 So.2d 967 (1977). The division of property is not required to be equal but is required to be equitable. Thompson v. Thompson, Ala.Civ. App., 377 So.2d 141 (1979).
*35 The awards to Mrs. Boyd show that she received approximately one-third to one-half of the value of the property, depending on which appraisal is believed. Such evidence does not support a conclusion that the trial court is plainly and palpably wrong in its awards; consequently the judgment is affirmed.
Appellant’s request for an award of an attorney’s fee on appeal is denied.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.