HOLMES, Judge.
The plaintiff-Concord Fire District sued the defendant-Clyde L. Rutherford seeking to recover unpaid fire service charges along with a late penalty and attorney’s fees. The total of these charges and fees was $134.67.
The action was initially brought in the District Court of Jefferson County. There, judgment was rendered in favor of the plaintiff. The defendant appealed to the circuit court.
The plaintiff, in circuit court, made a motion for summary judgment. The summary judgment motion was submitted to the trial court on affidavits and oral testimony, all of which are contained in the record before this court. The trial court thereafter rendered judgment in favor of the plaintiff in the amount of $134.67.
The defendant next filed a motion for “rehearing.” This motion was denied and defendant appeals to this court.
The defendant, through able counsel, raises several issues in brief before this court. All of the issues relate directly or indirectly to the constitutionality of the acts which created the plaintiff-fire district and the acts which set out the authority of the fire district. These issues at best were raised for the first time in Rutherford’s “motion for rehearing.”
We note at the outset that Rutherford’s “motion for rehearing” is not a paragon of clarity in that it alleged only generally that the acts are unconstitutional. The Alabama Supreme Court has previously indicated that when challenging the constitutionality of a statute, the constitutional infirmities must be specified unless the act is patently unconstitutional. Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021 (1910).
In any event, this court in Burton v. Burton, 379 So.2d 617, 618 (Ala.Civ.App. 1980), stated the following:
It has long been the practice of our courts to refuse to hear an attack on the constitutionality of a statute when it is not raised in a timely manner at the trial on the merits. Caylor v. Caylor, 344 So.2d 173 (Ala.Ciy.App.1977). Thus, we will not allow a party to raise such an issue for the first time in a motion for *709 new trial or on appeal. Dale v. Dale, 54 Ala.App. 505, 310 So.2d 225 (1975).
This court, in this instance, reaffirms what was said in Burton.
This case is due to be affirmed.
Affirmed.
WRIGHT, P. J., and BRADLEY, J,, concur.