HOLMES, Judge.
This is a divorce case.
The trial court divorced the parties and pertinently made a division of property and an award of alimony in gross. The husband appeals contending the trial court abused its discretion in the division of property and award of alimony in gross.
We find no abuse of discretion requiring reversal and affirm.
Viewing the record with the attendant presumption accorded the trial court’s decree the following is revealed:
The parties were married in 1965. One child, age thirteen, was born of the marriage. The husband worked as a civilian aircraft mechanic for thirteen years at Fort Rucker. In 1976, the husband left his place of employment to open a Sears dealership with his wife. The wife has a high school education. During most of the marriage she did not work outside the home. In 1976, the wife began operating the Sears store.
The parties owned a seven acre plot of land on which they built a house and several buildings incident to farming operations. The house is valued at approximately $45,-000, exclusive of some of the seven acres upon which it is situated. A mortgage of more than $3,000 is still outstanding on this property.
During the marriage the parties acquired more than 240 acres of land on which the husband farms. The deeds indicate this farm land was bought at different times over the past eight years for a total purchase price of approximately $104,000. No appraisal reflecting the current market value of this property was offered as evidence. The wife indicated the farm property is encumbered with three mortgages totaling more than $120,000.
In addition to the real property, house and farm structures, the couple owned livestock worth approximately $13,000. They also owned farm equipment with an estimated value of $28,000. The parties also had several personal automobiles and bank accounts containing a small amount of funds. Additional debts incurred during the marriage amounted to less than $15,000.
Finally, as indicated earlier, the parties owned a Sears store which the wife operated. The store produces a net income of approximately $18,000.
There is evidence that the husband was at fault in contributing to the marital breakdown. He admitted an adulterous affair and physically assaulted his wife.
With the above facts before him, the learned trial judge divorced the parties and awarded custody of the minor child to the wife. The court ordered the father to pay child support and granted him reasonable visitation privileges. The wife was awarded her car, and the husband received all farm equipment.
The trial court retained jurisdiction for final judgment regarding the division of the parties’ other property. Two months after the divorce decree, the trial court heard further testimony and divided the remainder of the property.
The wife was awarded the house and the seven acres around the house. All household furnishings were awarded to the wife. The wife was awarded the Sears store and alimony in gross in the amount of $15,000.
The husband was awarded all other real property, to wit, approximately 240 acres of farmland. The husband was ordered to make all mortgage payments on the real estate, including the seven acres awarded the wife.
On appeal, the husband contends the trial court abused its discretion by making an *995 excessive division of property and/or alimony in gross in favor of the wife.
We note at the outset that the award of alimony and the division of property of the parties lie within the sound judicial discretion of the trial court, which is reviewable only for abuse thereof. Wade v. Wade, 402 So.2d 1009 (Ala.Civ.App.1981). The division of property need not be equal, but must be equitable according to the circumstances of the case. Weaver v. Weaver, 394 So.2d 378 (Ala.Civ.App.1980), cert. denied, 394 So.2d 380 (Ala.1981). The award of alimony may be based on considerations of the future prospects of the parties, their ages, sex, health, station in life, the length of the marriage and the fault of the parties causing the divorce. Hansen v. Hansen, 401 So.2d 105 (Ala.Civ.App.1981).
We cannot find on the facts of the instant case the trial court abused its discretion in the award of property to the wife. The husband’s adultery and physical abuse of the wife were factors contributing to the divorce. This was a marriage of relatively long duration. The wife did not receive an award of periodic alimony.
The husband, through able counsel, contends that, since the farm is heavily mortgaged, the award of both the Sears store and $15,000 to the wife is excessive. We disagree. The husband is a skilled mechanic who could seek employment to supplement his farm income. The award of the Sears store to the wife provides her with a means of employment. Additionally, we note that the $15,000 award of alimony in gross is a payment in lieu of marital rights in the estate of the husband which she aided him in accumulating during the fifteen year marriage. See Dasinger v. Dasinger, 369 So.2d 813 (Ala.Civ.App.1979), a case strikingly similar to the instant action.
The wife is awarded an attorney’s fee of $500 for representation on appeal.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.