This is a divorce case.
After hearing the oral evidence, the trial court divorced the parties on account of their incompatibility of temperament and directed the husband to pay to the wife as alimony $300 each month. The wife appeals and here contends that the trial court abused its discretion by awarding only $300 per month as periodic alimony and in not granting to her some of the husband's property. We affirm.
In viewing the record with the attendant presumptions which must be accorded to the trial court's action, the following pertinent facts, in capsule form, are revealed: the wife is a part-time beautician with an average weekly take-home wage of $100. Her testimony was that some of her monthly expenses amounted to approximately $300. The husband is provided with a vehicle and some insurance benefits by his business, which also makes the mortgage payments upon the house where he presently resides. He draws from $100 to $150 per week from the business. Fifty-eight dollars monthly is paid to him by the Veterans Administration for a disability. The debts of the husband on real estate mortgages, accounts receivable, bank notes and other indebtedness total slightly less than $600,000. He swore that his assets, if merchandised over a period of time, would exceed his liabilities to only a small extent. According to the husband, his net worth is minimal.
The evidence was heard orally by the trial court. In the determination of alimony and a division of property, so much depends upon the acute senses of an observant *Page 129 
trial judge sifting through and adjudging the testimony of the witnesses that, although we have reviewed the entire two volume record, we are not allowed to overrule the trial court unless it clearly appears that it was palpably wrong. The amount of alimony and the division of property both lie within the sound judicial discretion of the trial court, which is reversible only for a palpable abuse thereof. Wade v. Wade, 402 So.2d 1009
(Ala.Civ.App. 1981).
Here, the amount awarded as alimony equaled the expenses as enumerated by the wife. The amount so adjudged is not unreasonable under the evidence. With regard to a division of property, the trial court could have readily ascertained from the testimony that the husband's net worth was either nil or negligible with the result in this case being occasioned by there existing little or nothing to divide. If there is nothing to divide, the trial court cannot be reversed for not dividing it. After an attentive and painstaking reading, study and consideration of all of the evidence and the briefs of counsel, it is not clear that the trial court abused its discretion. The judgment is not inequitable. A reversal is not required, essential nor imperative. The final judgment is affirmed.
The wife's application for the award of an appellate attorney's fee is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.