This is a divorce case.
The trial court divorced the parties and made a division of property. The division of property in pertinent part provides as follows: The wife was awarded exclusive use and occupancy of the house and was required to pay the first mortgage on the house; the husband was required to pay the second mortgage on the house; the husband is to receive an amount equal to one-half of the equity in the house upon the remarriage of the wife or the sale of the house by the wife; and the personal property was previously "equitably and amicably divided."
The husband, through able counsel, appeals, contending that the trial court erred to reversal in appointing a special master, erred in adopting the findings of the special master, erred in its division of the real property, and, finally, denied the husband due process of law.
We find no merit in any of these issues and affirm.
 I
Regarding the husband's contention that the trial court erred in appointing a special master to hear testimony and report findings, we note that Alabama Rule of Civil Procedure 53 (a) provides that "the court in which any action is pending may
appoint a special master therein." (Emphasis added.)
Appointment of a master is discretionary with the court according to the language of the rule. Furthermore, the comments to the rule state that the appointment of a special master by a court is discretionary. See Committee Comments, Rule 53, A.R.Civ.P.; see also 2 C. Lyons, Alabama Practice at 285 (1973).
We also note that the appointment of a deputy register, such as we have in this instance, as a special master to hear testimony and make findings concerning the division of property in a divorce proceeding is not only appropriate but also appears to be a common practice.
In view of the above, we find, in this instance, no error, i.e., abuse of discretion in the trial court's action appointing a special master.
Additionally, the husband's further contention, that the trial court erred in failing to specify to the master the issues to be considered, is without merit because Rule 53 (c), A.R.Civ.P., states that "[t]he order of reference to the mastermay specify or limit his powers. . . ." (Emphasis added.) Specifying the issues to the master is discretionary with the court by virtue of the language of the rule.
 II
Regarding the husband's contention that the trial court erred in adopting the findings of the special master, we note that Rule 53 (e)(2), A.R.Civ.P., states that "[i]n an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous." (Emphasis added.) Furthermore, the Alabama Supreme Court, in interpreting Rule 53 (e)(2), A.R.Civ.P., held as follows:
 "[A] court accepts a master's findings of fact in non-jury actions unless clearly erroneous; and to the extent the trial court has adopted the findings of a master, this same standard applies to an appellate review of these findings. . . . In essence, a master's report is accorded the same weight as a jury verdict and, therefore, is not to be disturbed unless it is palpably and plainly wrong."
Burgess Mining Construction Corp. v. Lees, 440 So.2d 321, 327
(Ala. 1983) (citations omitted) (emphasis added); accord Brockv. Brock, 281 Ala. 525, 531, 205 So.2d 903, 908 (1967); seeDavis v. Davis, 274 Ala. 277, 278, 147 So.2d 828, 830 (1962);cf. Fry v. Fry, 451 So.2d 344, 345 (Ala.Civ.App. 1984).
In the present case the master made factual findings concerning the financial condition of the parties and their marital and employment history. These findings are supported by the testimony and, therefore, *Page 374 
are not "clearly erroneous" or "palpably and plainly wrong."
 III
The master made a recommendation that "title" to the house be placed in the wife, that the wife be responsible for the first mortgage on the house, and that the husband receive an amount equal to one-half the equity in the house upon the remarriage of the wife or the sale of the house by the wife. The trial court adopted this recommendation in its division of the real property.
As previously mentioned, the husband contends that the trial court erred in its division of the real property, and, although not previously mentioned, the husband contends that the oretenus rule is inapplicable because of certain procedural aspects. Accepting the latter premise without so deciding, the law still mandates that a division of property will not be reversed on appeal unless plainly and palpably wrong. SeeSprinkle v. Sprinkle, 441 So.2d 974, 976 (Ala.Civ.App. 1983).
In the present case the division of property is not only not
plainly and palpably wrong but also apparently fair. The testimony indicates that the husband lived in the house less than two of the six years that the couple has owned the house, that the wife made almost all of the first mortgage payments on the house, maintained the house, and paid the utilities, that the wife has no other place to live, that the husband lives in a furnished, three-bedroom house in another state with option to purchase the house, and that, even though the house in dispute was purchased through the husband's single Veterans Administration entitlement, the husband still has a substantial part of that VA entitlement remaining.
We, therefore, hold that the trial court did not err in its division of the real property in this case.
 IV
Regarding the husband's contention that he was denied due process of law under the United States Constitution and Alabama Constitution, we note that this issue was raised for the first time in a post-trial motion for a new trial. We held the following regarding the timeliness of constitutional issues raised for the first time in a motion for new trial: "[W]e will not allow a party to raise such an issue for the first time in a motion for new trial or on appeal." Burton v. Burton,379 So.2d 617, 618 (Ala.Civ.App. 1980).
We find that the Burton principle is applicable in this instance.
However, we also note the husband's due process argument is without merit for other reasons. Testimony was properly taken before the special master appointed per Rule 53, A.R.Civ.P. Any perceived delay in the adjudication due to the appointment of a special master does not appear injurious to the husband. Cf.Peseau v. Civil Service Board of Tuscaloosa County,385 So.2d 1310, 1315 (Ala.Civ.App. 1980).
The wife has requested an attorney's fee for representation on appeal. A fee of $750 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 375