PER CURIAM.
Mack Epperson appeals from a judgment based upon a jury verdict awarding Sheila Poe $10,522.54 on her claim against Epper-son alleging that he altered the odometer reading of a used automobile and fraudulently misrepresented its mileage to her prior to purchase. The award consists of $4,800 treble damages, $5,400 attorney fees, and $322.54 costs, pursuant to the Motor Vehicle Information and Cost Savings Act, 15 U.S.C.A. §§ 1981-1991 (1982).
On September 17, 1985, Poe purchased a used 1981 CJ-5 Jeep from Epperson, who represented its mileage to be “(approximately) 12,000.” After applying for title, however, Poe discovered the actual mileage of the Jeep to be 46,000, and she sued Epperson. Epperson sued Townsend Ford, Inc., a Tuscaloosa dealership, as a third-party defendant and, at trial, introduced his bill of sale and odometer disclosure form from Townsend Ford to show that at the time he purchased the Jeep from Townsend Ford in December 1984, it registered mileage of 11,896. The trial court, nonetheless, granted Townsend Ford’s motion for a directed verdict and entered judgment on that directed verdict. (Townsend Ford, Inc., is not a party to this appeal; thus, the propriety of the trial court’s order directing a verdict in favor of Townsend Ford is not an issue on appeal.)
At trial, Epperson sought to introduce a certificate of title to show that when Townsend Ford purchased the Jeep in July of 1984, it registered mileage of 44,391 — a fact that Epperson claims was not disclosed to him by Townsend Ford. The trial court, however, refused to allow Epperson to introduce the certificate of title because of his failure to comply with the court’s standing pretrial order and local rule requiring a 10-day notice to the opposing party of “all exhibits they intend to introduce into evidence.” After judgment was rendered on a jury verdict in Poe’s favor, the court denied Epperson’s motion for new trial based on the court’s failure to receive into evidence the certificate of title.
The sole issue for review is whether the trial court erred in refusing to allow Epper-son to introduce the certificate of title because of his failure to comply with the trial *206 court s standing pretrial order and with the local rule requiring a 10-day notice. Rule 83, A.R.Civ.P., allows for the promulgation of local court rules that are not inconsistent with the Alabama Rules of Civil Procedure. Copies of a proposed local rule must be “submitted to the supreme court and to the bar of the county to be affected thereby, which shall be allowed a reasonable time to make known any objections thereto, and shall not become effective until approved by the supreme court.” (Emphasis added.)
The local rule at issue has not been approved by this Court. Consequently, it cannot be applied to prohibit the introduction of the certificate of title, consistent with the policy consideration expressed in Rule 1(c), A.R.Civ.P., that the rules of procedure are “construed to secure the just, speedy and inexpensive determination of every action.” The failure of the local rule does not, however, invalidate the pretrial order. The record reflects that Epperson received the pretrial order on or before May 1, 1987, but notified Poe on May 14, 1987, four days before trial, of his intention to introduce the certificate, rather than 10 days before as required by the pretrial order.[1]
Epperson maintains that his delay in notifying Poe resulted from Townsend Ford’s failure to comply with Epperson’s motion for production filed on January 5, 1987, requesting production of the certificate of title. Epperson informed the trial court on March 5, 1987, however, in his motion in opposition to Townsend Ford’s motion for summary judgment, that Townsend Ford had failed to produce the certificate. Thus, Epperson had sufficient opportunity both before and after the issuance of the pretrial order to obtain the certificate from the Alabama Department of Revenue, which he ultimately did, and thus to comply with the 10-day requirement of the pretrial order. Additionally, we note that the record is silent as to any agreement of the parties or motion to amend the pretrial order because of Townsend Ford’s alleged failure to comply with the motion for production.
Based on these considerations, we cannot say that the trial court abused its discretion in refusing to allow Epperson to introduce the certificate of title at trial. Rule 16, A.R.Civ.P. See, also, Currie v. Great Central Ins. Co., 374 So.2d 1330 (Ala.1979).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.

. There is a material difference between the application of a local rule, of which out-of-county lawyers rarely have any notice, and which raises due process considerations, and the application of a pretrial order, of which counsel of record have notice. The validity and enforceability of a pretrial order is tested by the reasonableness of its requirements under the circumstances.