RUSSELL, Judge.
This is an appeal from an order finding Bobby Hugh Tallant (appellant) in contempt of court.
The appellant challenged the findings and recommendations of the master/referee in an appeal to the circuit court, based on the issue of authority of the master/referee and not on the substance of the referee’s findings and recommendations. The trial court dismissed the appeal and affirmed the order of contempt of court. We affirm.
*972 Sharon Jean Tallant, appellee, filed a petition to show cause why the appellant should not be held in contempt for failure to comply with certain provisions of the divorce decree. The appellant did not answer the petition, but, rather, filed an “objection to hearing before domestic referee” and followed with a counterclaim for child custody. The day before the hearing on the petition to show cause, the appellant filed a motion requesting a court reporter. The appellant did not appear for the hearing on his motion or for the hearing on the appellee’s petition. The master/referee took testimony and made a report to the trial court, which found the appellant in contempt of court. The appellant then filed a motion “to strike the transcript/report of the master/referee” and filed the notice of appeal to the trial court. The trial court dismissed the appeal and reaffirmed the previous order of contempt of court.
Initially, we note that a party found to be in civil contempt and not placed in jail must petition for relief by certiorari. In Vaughn v. Vaughn, 507 So.2d 960 (Ala.Civ.App.1987), this court stated that certio-rari, not appeal, is the proper method to review the trial court’s judgment of contempt if the contemnor is not incarcerated. However, on occasion the court will treat a notice of appeal as a petition for writ of certiorari but must limit the scope of review to questions of law and to whether the trial court’s finding is supported by any legal evidence. Vaughn, 507 So.2d at 961. The husband has not been incarcerated, and, therefore, we will choose to consider this appeal as a petition for writ of certio-rari.
The dispositive issue here is whether the referee had the authority to conduct hearings and make findings and recommendations. We have carefully reviewed the evidence and cases cited by the parties and pretermit a discussion of several sub-issues raised by the appellant as unnecessary in view of our limited standard of review.
We find no evidence in the record to support the appellant’s contention that Rule 53, Alabama Rules of Civil Procedure, has been violated in its application. We find Rule 53 ample authority for the appointment of a referee in that it allows, at the discretion of the court, for the appointment of masters, which includes a referee. As this court stated in Harp v. Harp, 462 So.2d 372 (Ala.Civ.App.1984), the appointment of a master is discretionary with the court, and a master hearing testimony as to the division of property in a divorce proceeding is not only appropriate, but appears to be common practice. As to its application here, we find computation of child support arrearage to be a “matter of account” as contemplated by the rule and that the referral was appropriate.
As to the issue of whether the referee’s appointment and action violate the due process clause of the 14th amendment' of the U.S. Constitution, we find that the appellant improperly raises the issue since it is raised for the first time on appeal. See Harp, 462 So.2d 372.
Therefore, in view of the above and our standard of review, we find that the domestic referee has the authority to conduct hearings and make findings and recommendations and that the trial court’s order is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., dissents.