This is an appeal by respondent Leon Garmon, a licensed attorney-at-law, from a finding by the Disciplinary Board of the Alabama State Bar ("the Board") that he violated two Disciplinary Rules contained in the Code of Professional Responsibility, and from the Board's order that he be publicly censured. We affirm.
The complainant, Ronald C. Higgins, a domestic referee for the 16th Judicial Circuit (Etowah County) alleged that, while conducting a hearing in a domestic relations case, he was verbally abused by the respondent. Higgins specifically alleged that the respondent referred to one of his rulings as "idiotic" and "asinine"; that the respondent became argumentative; and that the respondent left the hearing room only after being threatened with physical removal by a deputy sheriff. The Board, after hearing the testimony of Higgins and others who were present when the incident occurred and after considering various exhibits, found the respondent guilty of engaging in "conduct that adversely reflects on his fitness to practice law," in violation of DR 1-102(A)(6), Code of Professional Responsibility, and of engaging "in undignified or discourteous conduct which is degrading to a tribunal," in violation of DR 7-106(B)(2). Thereafter, during arguments concerning the appropriate punishment for the respondent, evidence of four prior disciplinary *Page 634 
actions by the Board against the respondent was introduced; one of them involved an assault and battery committed by the respondent on Higgins. The Board subsequently ordered that the respondent be publicly censured.
The respondent first contends that Higgins was not acting as a "tribunal" within the meaning of DR 7-106(B)(2) when the incident in question occurred and, therefore, that the respondent could not have violated that rule. The respondent argues that Higgins was not acting as a "tribunal" because, he says, the procedure set out in Rule 53, A.R.Civ.P., for the appointment of referees in domestic relations cases was not followed with regard to Higgins's appointment in that, he says, the "exceptional condition" requirement of Rule 53(b) was not satisfied and there was no order from the trial court appointing Higgins. The respondent further argues that the requirements of Rule 53(b) are generally not observed in domestic relations cases in Etowah County and that "routine" domestic relations cases are automatically assigned to Higgins without court orders.
Initially, we note that the respondent has presented no evidence tending to show that the requirements of Rule 53(b) are generally not observed in domestic relations cases in Etowah County or that "routine" domestic relations cases are automatically assigned to Higgins without court orders. This Court is bound by the record on appeal, and the record tends to show only that no order was entered by the trial court appointing Higgins as a referee in the case that gave rise to the incident in question. Even assuming, however, that Higgins's appointment as a referee was not proper under Rule 53(b), and that that fact may have provided the respondent with a ground for appeal in that case, Higgins's status as a "tribunal" within the meaning of DR 7-106(B)(2) was not affected. "Tribunal" is variously defined in both lay and legal dictionaries as the seat of a court or the place where justice is administered. See The American Heritage Dictionary of theEnglish Language (1969) and Black's Law Dictionary (5th ed. 1979). Amendment 328 (Article VI), § 6.11, of the Alabama Constitution authorized this Court to promulgate rules governing the administration of, and the practice and procedure in, all of the courts in this state. Rule 53 specifically authorizes the appointment of referees to facilitate the resolution of domestic relations cases in the circuit courts. Even a cursory review of Rule 53 shows that a referee acts as an arm of the circuit court and, in doing so, is vested with the authority to conduct hearings, compel the attendance of witnesses, impose certain sanctions, and make findings of fact and conclusions of law. Higgins was acting as a "tribunal" within the meaning of DR 7-106(B)(2) at the time of the incident in question.
We address only briefly the respondent's other contention — that the evidence presented to the Board was not sufficient to support its findings. In Courtney v. Alabama State Bar,492 So.2d 1002, 1003 (Ala. 1986), this Court, quoting Haynes v.Alabama State Bar, 447 So.2d 675, 677 (Ala. 1984), set out the applicable standard of review in disciplinary proceedings:
 " 'Under the present rules of disciplinary enforcement, where the members of the Disciplinary Board hear the evidence and observe the demeanor of the witnesses, the Supreme Court, on review, will presume that the Board's decision on the facts is correct; and the disciplinary order will be affirmed unless the decision on the facts is unsupported by clear and convincing evidence, or the order misapplies the law to facts.' "
Without a further recitation of the testimony, suffice it to say that our review of the record shows the Board's findings to be supported by clear and convincing evidence.
For the foregoing reasons, we hold that the Board did not err in ordering a public censure of the respondent. All lawyers, the respondent included, should conduct themselves at all times, both personally and professionally, in accordance with the *Page 635 
highest standards of honesty, integrity, and civility.
AFFIRMED.
HORNSBY, C.J., and JONES, ALMON and SHORES, JJ., concur.