PER CURIAM.
H. Neil Taylor, Jr., appeals from the order of the Disciplinary Board of the Alabama State Bar suspending him from the practice of law for 91 days for violating Disciplinary Rules 1-102(A)(4) and (A)(6) and 2-111(A)(3) and (B)(2) of the Code of Professional Responsibility of the Alabama State Bar.[1]
On April 27, 1989, Taylor was appointed by the Juvenile Court of Franklin County to represent Linda Roche as an indigent in proceedings begun by the Franklin County Department of Human Resources regarding her four children. Two days later, on April 29, Roche and a friend, Michael Sher-rill, went to Taylor’s office, where Sherrill paid Taylor $500 to represent Roche. Taylor gave Sherrill a receipt, which identified the money as being “for Juvenile Court defense retainer only.”
On May 1, 1989, Roche personally delivered a letter to Taylor from Sherrill in which Sherrill stated that he no longer desired Taylor’s legal services and that he wanted to withdraw all financial support of Roche’s case. Roche confirmed the contents of the letter at that time. Taylor sent Roche a letter dated the same day in which he stated, in part, that he would return any unearned portion of the fee but that he could not withdraw from the case until the judge allowed him to do so. The basis of the complaint against Taylor was that he never returned any of the $500.
The rules Taylor was charged with violating provide as follows:
“DR 1-102 Misconduct
“(A) A lawyer shall not:
[[Image here]]
“(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, nor be guilty of willful misconduct.
[[Image here]]
“(6) Engage in any other conduct that adversely reflects on his fitness to practice law.”
“DR 2-111 Withdrawal from Employment
“(A) In General
[[Image here]]
“(3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.
“(B) Mandatory Withdrawal
“A lawyer representing a client before a tribunal, with its permission if required by its rules, shall withdraw from employ *1206 ment, and a lawyer representing a client in other matters shall withdraw from employment, if:
[[Image here]]
“(2) He is discharged by his client.”
The Disciplinary Board conducted a hearing on November 30, 1990, which Taylor’s father attended, but which Taylor himself did not attend. The record in this proceeding reveals the following: That the facts as alleged in the complaint were uncontradict-ed, specifically, that Taylor did not return any of the $500 to either Sherrill or Roche; that Taylor’s father could produce no evidence that Taylor had earned any of the fee between the short time that it was given to him and the time he was asked to withdraw by Sherrill’s letter, which Roche delivered; and, finally, that Taylor had told Sherrill and Roche before Sherrill gave him the fee that Roche would have a better chance of winning if she had a private attorney.
Based on our review of the pleadings and the testimony, we find that the Disciplinary Board’s order was supported by clear and convincing evidence and that it is, therefore, due to be affirmed. See Garmon v. Alabama State Bar, 570 So.2d 633 (Ala.1990), cert. denied, — U.S. —, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991).
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.

. Those rules were superseded by the Alabama Rules of Professional Conduct, effective January 1, 1991.