PER CURIAM.
These consolidated appeals raise challenges to the authority of the domestic referee of Etowah County. Although there are additional named plaintiffs, Leon Garmon is the principal complainant. Mr. Garmon, a lawyer, has represented clients before Ronald Higgins, who holds the position of domestic referee in Etowah County. In Garmon v. Alabama State Bar, 570 So.2d 633 (Ala.1990), cert. denied, — U.S. -, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991), this Court upheld a public censure ordered against Mr. Garmon for his abusive behavior toward Mr. Higgins during proceedings before Mr. Higgins while he was acting in his capacity as domestic referee. In Tallant v. Tallant, 564 So.2d 971 (Ala.Civ.App.1990), the Court of Civil Appeals upheld an order of contempt against Mr. Garmon’s client, rejecting Mr. Gar-mon’s argument that Mr. Higgins did not have authority to enter the findings and recommendations that the circuit judge adopted when entering the order of contempt.
On July 26, 1988, Mr. Garmon filed the action against Mr. Higgins and others that is the subject of the appeal styled Williams v. Higgins, docket number 1900916, seeking declaratory and injunctive relief, a writ of prohibition, and other relief against Mr. Higgins’s continuing in the position of domestic referee. The circuit court dismissed that action on November 14, 1990, and Mr. Garmon subsequently filed a notice of ap *9 peal. On December 27, 1990, Mr. Garmon filed the action against Mr. Higgins and the Alabama State Bar that is the subject of the appeal styled State ex rel. Tallant v. Higgins, docket number 1901305, seeking a writ of quo warranto regarding Mr. Higgins’s authority, an injunction against the Alabama .State Bar regarding the censure against Mr. Garmon, a declaratory judgment regarding the censure, and class action relief under 42 U.S.C. § 1983 regarding Mr. Higgins’s actions as referee. The circuit court dismissed that action on May 30, 1991, and Mr. Garmon filed a notice of appeal.
In addition to raising his challenges to Mr. Higgins’s authority in Garmon v. Alabama State Bar, Tallant v. Tallant, and in the two instant actions, Mr. Garmon has made such challenges in approximately five other proceedings in state and federal courts. In Tallant v. Higgins, 940 F.2d 1541 (11th Cir.1991), and in Presley v. Higgins, No. 91-AR-2111-M (N.D.Ala. Sept. 10, 1991), the federal courts, by unpublished opinions, have ordered sanctions against Mr. Garmon.
The trial courts in both cases now before us based the dismissals of the actions on holdings that Garmon v. Alabama State Bar, Tallant v. Tallant, and the other rulings against Mr. Garmon bar relitigation of the questions presented herein under the principle of res judicata. See Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990); Hughes v. Allenstein, 514 So.2d 858 (Ala.1987). We find no error in that conclusion.
The judgments are affirmed.
AFFIRMED.
ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.