SHORES, Justice.
The Alabama State Bar filed this petition for a writ of mandamus directing the Honorable Eugene W. Reese, circuit judge of Montgomery County, to vacate his order setting aside the dismissal of case number CV-92-782, which had been dismissed upon motion of the Alabama State Bar Association (the “Bar”). We grant the writ.
The Bar filed formal disciplinary charges against Milford Leon Garmon on September 17, 1991, in eases ASB-90-632 and ASB-90-775. In response to these disciplinary charges, Garmon petitioned the Montgomery Circuit Court on April 8, 1992, to issue a preliminary and permanent injunction against the Bar’s proceeding against him and sought a declaratory judgment as to the constitutionality of Rule 12(e)(4), A. R. Disc. P.[1] The Bar filed a motion to dismiss, an answer, and a memorandum brief in response on May 5, 1992; its motion to dismiss was based on the grounds that the circuit court lacked jurisdiction and that Garmon’s claims were barred by the doctrine of res judicata. The court granted the motion to dismiss on September 14, 1992.
In October 1992, the Bar Disciplinary Board found Garmon guilty in cases ASB-90-632 and ASB-90-775. Garmon then moved to vacate the dismissal of his action. Judge Reese vacated his order of dismissal *424 and reinstated the action to the trial docket on January 12, 1993.
The history of disciplinary procedures against Leon Garmon begins on May 7, 1982, when Garmon was privately reprimanded in cases ASB-81-343 and ASB-81-349. Then, two private informal admonitions were issued to him in cases ASB-83-03 and ASB-84-73 on May 18, 1983, and April 30, 1984. On June 7, 1990, Garmon was publicly censured in ASB-88-76. This Court affirmed the order in Garmon v. Alabama State Bar, 570 So.2d 633 (Ala.1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991), upholding a public censure of Garmon for abusive behavior toward the Etowah County domestic referee.
On July 26, 1988, Garmon filed an action styled Williams v. Higgins, seeking declaratory and injunctive relief, a writ of prohibition, and other relief. That case was dismissed by the circuit court, and Garmon appealed to this Court. This Court combined the appeal with an appeal in Tallant v. Higgins, which sought an injunction against the Bar regarding the censure against Garmon, a declaratory judgment regarding the censure, and class action relief under 42 U.S.C. § 1983. On April 10,1992, this Court held that Garmon v. Alabama State Bar, Tallant v. Tallant, 564 So.2d 971 (Ala.Civ. App.1990), and the other rulings against Gar-mon barred relitigation of the questions presented in the combined appeals under the doctrine of res judicata. Williams v. Higgins, 599 So.2d 8 (Ala.1992). Williams v. Higgins states that in addition to raising his challenges to the domestic referee’s authority in the above-cited cases, Garmon had made such challenges in approximately five other proceedings in state and federal courts. “In Tallant v. Higgins, 940 F.2d 1541 (11th Cir. 1991), and in Presley v. Higgins, No. 91-AR-2111-M (N.DAla., Sept. 10, 1991), the federal courts, by unpublished opinions, have ordered sanctions against Mr. Garmon.” Id. at 9.
We have carefully studied the briefs and pleadings in this case and conclude that the writ is due to be issued on the grounds of res judicata. The doctrine of res judicata prohibits the relitigation of all matters that were, or that could have been, litigated. Trimble v. Bromco Products, Inc., 351 So.2d 1357 (Ala.1977); Missildine v. Avondale Mills, Inc., 415 So.2d 1040 (Ala. 1981); Century 21 Preferred Properties, Inc. v. Alabama Real Estate Comm’n, 401 So.2d 764, 768 (Ala.1981); Wood v. Tricon Metals & Services, Inc., 548 So.2d 138, 140 (Ala. 1989); Higgins v. Henderson, 551 So.2d 1050 (Ala.1989); Turner v. Green, 571 So.2d 1104 (Ala.1990); Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala.1990).
There is no dispute that, before the adoption of Rule 12, A. R. Disc. P., became effective in 1991, the Bar Disciplinary Board did allow, as a matter of common practice, the offering into evidence of a respondent lawyer’s “prior disciplinary history” in the punishment phase of disciplinary hearings. In the case of Courtney v. Alabama State Bar, 492 So.2d 1002 (Ala.1986), we cited with approval the use of evidence of an attorney’s prior record in support of affirming the Disciplinary Board’s verdict of guilty and its decision to publicly censure a Mobile attorney. The introduction of prior disciplinary history has been a common practice of the Bar Disciplinary Board, and Garmon has had ample opportunity to litigate that issue.
We note that when Garmon was found guilty in eases ASB-90-632 and ASB-90-775, he had a right to appeal to this Court. According to Garmon’s brief, when the Disciplinary Board returned its findings of guilty in both cases, the general counsel of the Bar offered Garmon’s disciplinary history, and he objected. According to his brief, Garmon filed timely notices of appeal and his appeals remain pending before this Court.
For the reasons stated above, we issue the writ of mandamus to the Honorable Eugene W. Reese ordering him to vacate his order setting aside the dismissal of case number CV-92-782.
WRIT ISSUED.
MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. Rule 12(e)(4) allows the Bar’s general counsel and the respondent in Bar disciplinary proceedings to "present matters in aggravation and mitigation, including any prior violations of the Rules of Professional Conduct by the respondent, or the absence of such violations." Garmon also amended his complaint to allege a claim for relief under 42 U.S.C. § 1983.