MONROE, Judge.
Tina Smith Mobayed petitions this court for a writ of mandamus ordering Judge Donald Stewart of the Circuit Court of Etowah County to vacate his order referring to a referee her request for a hearing on penden-te lite child support and child custody, to enter an order setting a circuit court hearing on these issues, and to issue an order advising all attorneys practicing in the Sixteenth Judicial Circuit that the memorandum of August 16,1994, is withdrawn.
The relevant facts are as follows: Hayt-ham Mobayed filed a divorce complaint on July 22, 1996, and his wife — the petitioner here — filed her answer and counterclaim on August 22, 1996. On September 13, 1996, the petitioner filed a motion to set a hearing in circuit court on the issues of pendente lite child custody and child support. In this motion, she objected to having these matters heard by the domestic referee, as is required by the practice of the Sixteenth Judicial Circuit. The trial court denied her motion and ordered that pendente lite child custody and child support be determined by the domestic referee. The petitioner argues that the circuit’s practice violates Rules 53(b) and 83, Ala. R. Civ. P.
Mandamus is an extraordinary remedy, and requires a showing of: “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994), quoting Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989).
The Sixteenth Judicial Circuit’s practice of referring cases is explained in a memorandum signed by the circuit’s judges and addressed to members of the bar. The memorandum, a copy of which is attached as Appendix A to this opinion, reveals that since May 11,1982, the circuit has required that all pendente lite petitions and divorce modification petitions be heard by the domestic referee. Apparently, the circuit judges had historically allowed parties to file objections to the referee. However, as to the continued use of such objections, the memorandum states:
“The Judges have met and agreed that effective September 1, 199k, the Judges of this Circuit will not accept objections to the Domestic Referee cm all Pendente Lite Petitions and Divorce Modification Petitions. Such matters shall be heard by the Referee in accordance with Rule 53(d) and (e).”
(Emphasis in original.)
Although the circuit’s practice of uniformly referring certain types of cases to a referee has been discussed by this court and by the Supreme Court, it appears that this is the first instance in which proof of the practice has been presented. See, Garmon v. Alabama State Bar, 570 So.2d 633, 634 (Ala. 1990) cert. denied 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991) (noting that “the respondent has presented no evidence tending to show that the requirements of Rule 53(b) are generally not observed in domestic relations cases in Etowah County or that ‘routine’ domestic relations cases are automatically assigned to Higgins without court orders,”); and Tallant v. Tallant, 564 So.2d 971, 972-73 (Ala.1990) (noting that “[w]e find no evidence in the record to support the appellant’s contention that Rule 53, Alabama Rules of Civil Procedure, has been violated” and noting on rehearing that “we find the record devoid of any legal evidence supporting the contention that the referee in this ease is a full-time referee to whom all cases are referred”). Indeed, this appears to be the first time the circuit’s practice has been presented squarely before an appellate court for review, and the evidence before this court shows that the circuit uniformly refers *892 all pendente lite petitions and divorce modification petitions to a full-time referee.
First, we address the issue whether the circuit’s practice violates Rule 83, Ala. R. Civ. P., which provides that “[a]ll local rules are abolished effective April 14,1992, and no local rules shall thereafter be permitted.” Alabama’s Rules of Civil Procedure were promulgated with the intent of providing uniformity among the state’s judicial circuits and preventing “a haphazard crazy-quilt of varying procedures from one circuit to the next.” Ex parte Ward, 540 So.2d 1350 (Ala. 1988), on remand, 540 So.2d 1353 (Ala.Crim. App.1989). Local rules could continue to be enforced after the effective date of Rule 83, if they were approved by the supreme court. See Epperson v. Poe, 533 So.2d 204 (Ala. 1988); see generally committee comments and history, Rule 83, Ala. R. Civ. P. Pursuant to Rule 83, as amended in 1992, circuits could no longer retain or create local rules under the guise of “administrative orders” or “court administrative orders.” Committee Comments, Rule 83, Ala. R. Civ. P. However, it was the intent of the drafters of the Rule as amended in 1992 to continue to allow trial courts to issue orders essential to the administration of their dockets in areas not covered by the Alabama Rules of Civil Procedure. Id.
The circuit’s practice, which is in effect a blanket rule, regardless of its nomenclature, is a perfect example of the type of rule that Rule 83 abolished. This court has received no indication that the circuit’s rule has been approved by the Supreme Court.. Even if the circuit’s rule had been approved as not inconsistent with Rule 83, it must nevertheless cease to be enforced because it governs a practice already covered by a Rule of Civil Procedure and it is inconsistent with the provisions of that rule.
Indeed, the petitioner also argues that the circuit’s practice violates Rule 53(b), Ala. R. Civ. P., which states as follows:
“(b) Reference. A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.”
(Emphasis, added.) Clearly, the circuit’s practice of referring all pendente lite petitions and divorce modification petitions to the referee violates Rule 53(b), because the references are not the exception but are openly the rule.
This court has previously held that Rule 53 permits the appointment of masters/referees at the discretion of the trial court. Tallant, 564 So.2d at 972. However, Rule 53(b) specifically limits the matters that can be referred to a master/referee in nonju-ry cases to matters of account and difficult computations, or matters as to which there has been a showing of an exceptional condition requiring a reference. The computation of child support arrearage has been determined to be a “matter of account” within the meaning of Rule 53(b). Tallant, 564 So.2d at 972. Although we maintain that computations such as that of child support arrearage can be considered a “matter of account” under Rule 53(b), we clarify that the appointment of a master/referee in these instances cannot be done routinely in all cases. Trial courts must use their discretion in determining which cases involve complicated computations or other characteristics deeming them appropriate for referral in accordance with Rule 53(b).
In addition, matters such as child custody are not appropriate for references to masters/referees under Rule 53(b) in the absence of a showing of an exceptional condition requiring a reference. In the present case, the trial court ordered the referee to determine pendente lite child support and child custody pursuant to the written practice of the circuit. The respondent husband and the amicus curiae argue that overloaded court dockets and limited available court time make uniform referrals a necessity. However, the United States Supreme Court has held that congested trial court dockets do not constitute exceptional conditions requiring such referrals. La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d *893 290 (1957) holding that “congestion in itself is not such an exceptional circumstance as to warrant a reference to a master,” and if it were, then “present congestion would make references the rule rather than the exception,” 352 U.S. at 259, 77 S.Ct. at 315.
This court is keenly aware of the challenging workload facing our trial courts. However, we are not compelled, nor do we have the authority, to permit such a blatant violation of our Rules of Civil Procedure. The Sixteenth Judicial Circuit’s practice of referring all pendente lite petitions and divorce modification petitions to the full-time referee violates Rule 53(b). Therefore, the practice must be abolished immediately. Trial courts may refer cases to a referee at their discretion within the confines of Rule 53(b), but they may not routinely refer such cases to referees.
In so ruling, we must clarify that language found in Harp v. Harp, 462 So.2d 372, 373 (Ala.Civ.App.1984), repeated in Tallant v. Tallant, 564 So.2d at 972, which indicates this court was aware of a “common practice” of appointing masters to hear testimony regarding property divisions in divorce cases. That language was not intended to permit all divorce cases to be uniformly heard by masters/referees in violation of Rule 53(b). It appears that in Harp and Tallant, this court was acknowledging the common practice of trial courts, acting within their discretion, of appointing masters/referees in certain cases. Indeed, such appointments can only be made on a case-by-case basis according to the discretion of the trial court.
For the reasons stated, the petitioner is entitled to a writ directing Judge Stewart to vacate his previous order referring the petitioner’s request for pendente lite child support and child custody to the referee for a hearing, and to set a date for hearing these issues in the circuit court. The judges of the Sixteenth Judicial Circuit are directed to withdraw the memorandum of April 16,1994, and to inform all attorneys practicing in that circuit that that memorandum has been withdrawn and that the practice of referring all pendente lite petitions and petitions for divorce modifications to the referee is abolished.
WRIT GRANTED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
Appendix A
TO: MEMBERS OF THE BAR
DATE: AUGUST 16,1994
RE: OBJECTIONS TO HEARINGS BEFORE THE REFEREE

MEMO

Practicing attorneys in the Sixteenth Judicial Circuit may recall that when the position of Referee was established on May 11,1982, all Pendente Lite Petitions and Divorce Modifications were required to be brought before Domestic Referee Higgins. Thereafter and during the pendency of a law suit filed by litigants involving the authority of referees, the Judges of this Circuit agreed to allow attorneys to file objections to the Referee and each Judge agreed to hear such matters. This discretion is allowable under Rule 53, A.R.C.P.
The Judges have met and AGREED that effective SEPTEMBER 1, 1994, THE JlJDGES OF this Circuit will not aocept objections to the Domestic Referee on all Pendente Lite Petitions and Divoroe Modification Petitions. Such matters shall be heard by the Referee in accordance with Rule 53(d) and (e). This revised procedure is absolutely necessary due to inordinate delays in hearing domestic matters before the Circuit Judges. Some pende lite cases are taking 3 months to be set for hearing. It has also been brought to the Courts’ attention that some parties are using Referee objections to delay hearings for support, visitation, etc.
Please be reminded that the same rules shall remain in effect on appeals from the Referee’s findings.
DONE THIS THE 16TH DAY OF AUGUST, 1994.
*894 /s/ William W. Cardwell, Jr, WILLIAM W. CARDWELL, Jr. PRESIDING JUDGE
/s/ Donald W. Stewart DONALD W. STEWART CIRCUIT JUDGE
/s/ William H. Rhea, III WILLIAM H. RHEA, III CIRCUIT JUDGE
/s/ Roy S. Moore ROY S. MOORE CIRCUIT JUDGE